56 So.2d 914 (1951)
SWILLEY
v.
ECONOMY CAB CO. OF JACKSONVILLE.
Supreme Court of Florida, Special Division B.
November 16, 1951.
Rehearing Denied December 18, 1951.
Price & Stewart and Fred B. Noble, all of Jacksonville, for appellant.
Mathews & Mathews and Rogers, Towers & Bailey, all of Jacksonville, for appellee.
*915 TERRELL, Justice.
This is a personal injury case growing out of a motor vehicle accident. The factual background is detailed in Swilley v. Economy Cab Company, Fla., 46 So.2d 173. The only question adjudicated in that case was the sufficiency of the pleadings, the merits not being before us. The mandate went down, the case went to trial on the issues made by the pleas to count two of the declaration. At the conclusion of plaintiffs testimony the court announced that he would grant defendant's motion for a directed verdict. Plaintiff took a non-suit with bill of exceptions. Judgment for costs was entered in favor of defendant and the appeal was perfected.
As analyzed by the trial court, the questions raised by the pleadings were, (1) whether or not the plaintiff was drunk and intoxicated to the point of being physically and mentally irresponsible and incapable. (2) When the cab driver accepted the plaintiff as a passenger he knew or should have known of his condition. (3) Whether or not the cab driver accepted plaintiff's services and negligently required him to remain on the highway while changing the flat tire.
The primary point with which we are confronted is whether or not the evidence adduced in support of appellant's claim of intoxication to the point of being physically and mentally incapable and irresponsible was sufficient to go to the jury.
It is too well settled for comment that it is the duty of the trial court to direct a verdict for the defendant if no evidence is submitted upon which the jury could lawfully find a verdict for the plaintiff. It is not a question of whether any evidence is submitted. There may be plenty of evidence produced. The test is whether or not it is sufficient to convince the jury of the truth of the cause of action, or whether as reasonable men they could draw any inference as to its truth or falsity. If it fails to meet this test, it should not be submitted to the jury. If the evidence as a whole is such that one of several inferences may be drawn from it, it should be submitted to the jury. If the evidence as a whole with all reasonable inferences from it does not as a matter of law tend to prove the cause of action alleged, a verdict for defendant should be directed.
Applying this test to the evidence here, can it be said that a jury of reasonable men could infer that the plaintiff was intoxicated to the extent of being physically and mentally irresponsible and incapable? The witnesses who testified on this point were the plaintiff, his wife, Mr. Hunt, a neighbor, and the cab driver. The cab driver smelled whiskey on plaintiff when he got in the cab, but thought he acted normally and did not think he was drunk. The neighbor who lived near appellant saw him at a distance about ten o'clock on the night of the accident and thought he acted as if he had been drinking. The appellant and his wife testified in substance that plaintiff commenced drinking wine before breakfast and continued drinking wine and beer during the forenoon. In the late afternoon he started to drinking "boilermakers", two shots of whiskey chased by a drink of beer. After imbibing several of these he played a pin ball machine, went home about ten o'clock or later, and his wife requested that he go to bed and not wake the children. He left home and walked down town, about a half mile, caught a cab and told the driver to take him to Baker Bryan's Kopa Kabena, north of Trout River Bridge where he could secure more whiskey. He got in the cab without wabbling, told the cab driver where to go, knew when the tire went flat, observed the traffic lights. He got out of the cab following the driver, observed him make preparation to change his tire, offered to assist him, walked around the cab, observed the cars passing and was struck down by one of them before the tire was changed.
When appellant was taken as a passenger in the cab was the time to determine whether or not the evidence showed that he was so drunk that he was mentally and *916 physically incapable and irresponsible. We have examined the evidence carefully and we find nothing from which the jury could draw any reasonable inference that the plaintiff was in that condition when he was taken as a passenger or at the time he alighted from the cab while the cab driver was changing the tire. It may be that our means of measuring drunkenness to the point that the victim becomes incapable and irresponsible is inadequate, but it is the best that human ingenuity has yet devised.
One who drank as much as the plaintiff during the eighteen hours prior to his injury was no doubt afflicted with a species of intoxication, many degrees of which are recognized, but the point here is whether or not he was intoxicated to the extent of being physically and mentally irresponsible and incapable. It is well settled that one or two drinks will slow down ones reactions, dull his judgment, impair his ability to concentrate, adversely affect his vision, reduce peripheral vision and create false confidence. To what extent these and other degrees of intoxication make one mentally and physically incompetent is said to depend on the degree of alcohol concentration in the blood. As little as one or two highballs is said to produce concentration enough to affect one's efficiency, but it seems reasonably certain from the evidence in this case that appellant was not that drunk. Some of the early symptoms of intoxication are slurring of speech, wobbling in the gait and a vacuous look in the eyes. None of these are shown to have been present, but if they had been, they do not necessarily connote physical and mental incompetence.
We are therefore driven to the conclusion that the judgment appealed from must be and is hereby affirmed, in view of which other questions argued become immaterial.
Affirmed.
SEBRING, C.J., and CHAPMAN, J., and LEWIS, Associate Justice, concur.