98 So.2d 367 (1957)
Ellen GILMER, Appellant,
v.
Jack RUBIN, Nathan Rubin and Murray Rubin, d/b/a Rubin Bros. Plastering Co., Inc., Appellees.
No. 57-221.
District Court of Appeal of Florida. Third District.
November 19, 1957.
*368 Gustafson, Persandi & Vernis, Coral Gables, for appellant.
Brown, Dean, Adams & Fischer, Miami, for appellees.
HORTON, Judge.
Appellant suffered personal injuries and property damage when a truck operated by one of appellees' employees and an automobile driven by appellant collided at the intersection of Northwest 27th Avenue and 151st Street, in the City of Opa-Locka, Florida. The appellant charged that the collision occurred through the negligent operation of appellees' truck.
The appellant's claim for damages was filed in the lower court on December 13, 1955. Service of process was had upon Nathan Rubin on December 22, 1955, and upon Jack Rubin on December 27, 1955. Praecipe for default for failure to file an answer or otherwise plead was filed by appellant with the clerk of the court below on January 17, 1956. A default was entered by the clerk against both appellees on January 17, 1956, "for failure to file answer or other pleadings."
All of the appellees, through their counsel, filed answer to the complaint on January 18, 1956, to which there was attached certification by their counsel that a copy of said answer had been mailed to appellant's counsel on January 17, 1956.
After the taking of depositions, the propounding of interrogatories and other pre-trial maneuvers, the case went to trial before the lower court and a jury on January 21, 1957. At the conclusion of the appellant's case, which consisted of the testimony of a police officer from the City of Opa-Locka who investigated the accident, and the appellant, the lower court judge, upon motion of the appellees, directed a verdict in favor of the appellees. Judgment was entered on the verdict. This appeal is from the judgment.
*369 Two questions were raised on appeal in this court by the appellant, namely: (1) Did the lower court abuse its discretion in setting aside the default entered against two of the appellees, and (2) Was the lower court in error in directing a verdict for the appellees at the conclusion of the appellant's case. We conclude that both of these questions should be answered in the negative.
The first proposition raised by the appellant appears to have been answered by our ruling in Pan American World Airways, Inc., v. Gregory, Fla.App., 1957, 96 So.2d 669. In that case we distinguished between the failure to file a pleading and the failure to serve a pleading within the time prescribed by the rules. Rule 2.9(a), Florida Rules of Civil Procedure, 31 F.S.A., penalizes the failure to serve a pleading and, when read with Rule 1.4(d), 30 F.S.A., which requires the filing of pleadings with the court "* * * either before service or immediately thereafter * * *", it becomes apparent that appellee was not in default under the rule inasmuch as the answer was served before a proper request for default was made.
Regarding the second question posed by appellant, the testimony before the court consisted of 39 pages, and, as previously indicated, was given by two witnesses  a police officer of the City of Opa-Locka and the appellant. The appellant in her brief puts great emphasis on the fact that the appellees' employee failed to yield the right of way and made a left turn across oncoming traffic, and that such constituted an immediate hazard and was in violation of Section 317.41, Fla. Stat., F.S.A. No attempt was made in the lower court to establish the applicability of this statute or any other statute or ordinance. On the evidence as a whole, the appellant failed to show any affirmative act of negligence on the part of the appellees' employee or the omission of any act or duty with which he might have been charged, or that was owing to the appellant. The appellant contends that the appellees' driver failed to yield the right of way, that he was negligently inattentive, that he had failed to maintain a proper lookout, that he had failed to have his truck under control and that he had failed to indicate that he was about to make a left turn. All of these matters we feel would have been of deep concern to the trial judge and would be of concern to this court, had the testimony and evidence substantiated these conclusions. But the record before this court, and especially the testimony, was devoid of any support for these contentions. The appellant testified that she was driving in a northerly direction in the east lane of 27th Avenue, a four-lane highway, at approximately 4:00 p.m. on the afternoon of July 29, 1955; that it was raining hard and that her vehicle was proceeding at a rate of twenty to twenty-five miles per hour behind other cars going in the same direction. She further testified that the first time she saw the appellees' truck was when it was directly in front of her in the intersection and she put on her brakes, swerved to the left and hit the rear overhang of the appellees' vehicle. There is nothing in the record to show where the appellees' vehicle was prior to the appellant's entering the intersection of 27th Avenue and 151st Street, or what actions, if any, were taken on the part of the driver of the appellees' truck. For all we know, he may have exhibited the utmost disregard for the safety and welfare of the appellant and other vehicles proceeding in a northerly direction with her, or he may have exercised extreme caution under the circumstances.
This court is cognizant of the right of every litigant to have a jury determination of disputed factual issues when material or germane to his right of action or defense, but when no evidence is submitted upon which the jury could lawfully find a verdict for the plaintiff, it is the duty of the trial court to direct a verdict. See Swilley v. Economy Cab Co. of Jacksonville, Fla. 1951, 56 So.2d 914.
*370 In view of the opinions expressed herein, it follows that the judgment of the lower court appealed from should be, and it is, affirmed.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.