114 So.2d 320 (1959)
Alfonso MANGANELLI, Jr., a minor, by and through Alfonso Manganelli, his father and next friend, and Alfonso Manganelli, Appellants,
v.
Ann Dagenhart COVINGTON and R.A. Morrison, Appellees.
No. 58-720.
District Court of Appeal of Florida. Third District.
August 13, 1959.
Rehearing Denied September 14, 1959.
*321 Richard E. Thomas, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellees.
HORTON, Chief Judge.
This appeal is from a judgment of involuntary nonsuit taken by the plaintiffs after the court announced its intention to direct a verdict for the defendants. The plaintiff, a minor, brought this action against George Makepeace, Ann Covington, and R.A. Morrison. During the course of the trial, the plaintiff took a voluntary nonsuit against the defendant, Makepeace, who is no longer a party to this action. The voluntary nonsuit resulted from a settlement between Makepeace and the plaintiff.
On September 14, 1957, the plaintiff was crossing S.W. 8th Street near S.W. 43rd Avenue. He was proceeding on foot from the south side to the north. The record discloses that he had paused just short of the center line when he was struck by an automobile driven by George Makepeace, proceeding in an easterly direction. The impact threw the plaintiff up on the fender of the Makepeace automobile and eventually deposited him in the westbound lane of traffic on S.W. 8th Street. About the same time, an automobile driven by Ann Covington and owned by R.A. Morrison was proceeding in a westerly direction on S.W. 8th Street. The plaintiff's contention is that the Covington automobile struck him after his impact with the Makepeace car. As a result of this alleged factual situation, the plaintiff urges that there was sufficient evidence of the defendant's negligence adduced at the trial as would preclude the direction of a verdict. The acts of negligence which the plaintiff says were sufficiently demonstrated by the evidence are (1) the defendant Covington's failure to see the plaintiff in a position of peril; (2) the defendant's operation of the automobile with bright lights; and (3) exceeding the lawful speed limit.
We are well aware of the rule that precludes the direction of a verdict when the evidence is in dispute as to material issues of fact and where there is some reasonable basis upon which the jury could predicate a verdict for the party moved against. However, in applying that rule, we must also exclude the application of the converse rule which requires the direction of a verdict when no evidence is submitted upon which a jury could lawfully find a verdict. See Swilley v. Economy Cab Co. of Jacksonville, Fla., 1951, 56 So.2d 914, and Gilmer v. Rubin, Fla.App., 1958, 98 So.2d 367.
As was previously noted, settlement was reached with Makepeace during the course of the trial, which released him from any further liability to the plaintiff. The *322 liability of Makepeace extended to injuries caused by the original impact and to injuries, if any, caused by the alleged impact with the Covington automobile. See Prosser, Torts, § 45, p. 230; 2 Harper & James, Torts, § 20.3, p. 1124. Therefore, the only claim of the plaintiff against Covington and Morrison would be for injuries which resulted from the second impact wherein the concurring acts of Makepeace and Covington were the proximate cause.
We have carefully reviewed the testimony in this cause and are unable to find wherein there is evidence upon which the jury could have lawfully found that the defendant Covington was guilty of any acts of negligence or, for that matter, that the automobile which she was operating ever struck the plaintiff. We concur in the conclusion of the able trial judge that under the circumstances demonstrated by this record, a lawfully verdict could not have been reached by the jury and a directed verdict was proper.
Accordingly, the judgment appealed from is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.

On Petition for Rehearing.
PER CURIAM.
The appellants' petition for rehearing, inter alia, directs the court's attention to its failure to consider and rule upon the assignment of error directed to the order taxing costs. The court's opinion failed to comment upon or determine this assignment or the question raised thereunder in appellant's brief.
In examining the transcript, we are unable to find wherein the order taxing costs was included in the record on appeal. A purported copy thereof, however, was included in the appellants' appendix, as well as an affidavit of costs upon which the order taxing costs was apparently based.
The notice of appeal, filed November 26, 1958, was directed solely to a judgment of involuntary non-suit, entered on October 13, 1958, whereas the order taxing costs was apparently entered somewhere on or about December 5, 1958. An amended assignment of error directed to the order taxing costs was filed on December 12, 1958. Inasmuch as the order taxing costs was entered subsequent to the filing of the notice of appeal, such order would be reviewable only by petition pursuant to the provisions of Rule 3.16(c) Florida Appellate Rules, 31 F.S.A. No such petition was filed in this court within the time required by Rule 3.16(c) supra, nor has the order taxing costs been included in the transcript of proceedings on appeal. We conclude that this court is without jurisdiction to review said order or to consider the assignment of error directed thereto.
Accordingly, the petition for rehearing is denied.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.