HEWITT, ROBERT S., Associate Judge.
Appellant, Marcellus - Chambers, defendant below, appeals a final judgment entered upon a jury verdict for Appellees, plaintiffs in a negligence action.
Appellee Peggy Jean Cline, who was a minor on the occasion of the incident out of which this litigation arises, with a male companion entered a place of amusement known as “Bat-A-Ball” owned and operated by Appellant. ' “Bat-A-Ball” consisted of three screen enclosures each measuring fifteen feet in width and ten feet in length. The base of each enclosure consisted of a concrete slab covering the surface of the enclosure; the center of home plate was located seven and one-half feet from each side of the enclosure approximately two feet from the front edge of the concrete slab. Each cage was constructed of chain link fencing reinforced with galvanized pipe. One may enter through a latch gate located at the rear of each cage. The gate could be opened by lifting the latch from either the inside or outside of the cage. The front of the cage was open and faced a machine that propelled baseballs into the cage and over home plate in a predetermined path at spaced and regular intervals. *225 The game was activated by the insertion of a twenty-five cent coin into a machine located in each enclosure. Each game consisted of a strike at nine balls with a regulation baseball bat.
On the evening of the accident Appellee and her companion were instructed as to the general objective and use of the amusement by Appellant. This Appellee entered one of the screen enclosures and completed one series of nine balls. After the Appellee swung at eight balls of the second series her male companion entered the cage and asked to let him hit the last ball. Through a mutual effort he obtained the bat. Ap-pellee stepped away from the home plate and looked in the direction of friends who were standing outside the enclosure. In striking at the ninth ball her companion brought the bat around and struck the Appellee.
In the second amended complaint it is alleged Appellant violated his duty owed the Appellee by failing to warn by appropriate sign of the danger of two persons being in the enclosure at the same time; by failing to supervise continuously; by allowing this young lady’s companion to enter the enclosure; or by failing to prevent him from doing so. The Appellant urges several errors on this appeal, only one of which is it necessary for us to discuss. It is contended that the trial court erred in failing to grant the Appellant’s motions for a directed verdict made at the close of the plaintiffs’ case and at the close of all of the evidence.
We have carefully reviewed the testimony and fail to find evidence upon which the jury lawfully could have found that Appellant was guilty of any act of negligence. Without warning and during the brief interval of time between the eighth and ninth baseballs propelled by the mechanical pitcher Appellee’s companion entered the cage and with Appellee’s consent obtained the bat from her and swung at the ball while Appellee remained in the cage. There is no evidence from which the jury may have inferred the Appellant breached any duty owed the Appellee. Under the law the court must direct a verdict for the defendant when no evidence is submitted upon which a jury could lawfully find a verdict for the plaintiff. See Manganelli v. Covington, Fla.App.1959, 114 So.2d 320; Swilley v. Economy Cab Co., Fla.1951, 56 So.2d 914; Gilmer v. Rubin, Fla.App. 1958, 98 So.2d 367.
Accordingly, the judgment appealed from is reversed with instructions to the lower court to enter a judgment for the defendant.
SMITH, C. J., and KANNER, J., concur.