SWANN, Judge
The appellants, defendants below, were sued on a written agreement of indemnity by the appellee, plaintiff below.
The trial court directed a verdict for ap-pellee, and this appeal was timely perfected.
In 1954 Miami Shipbuilding Corporation was owned and operated by the appellants, who owned all of the stock and were the corporate officers.
On November 9, 1954 the appellants, individually, and with Miami Shipbuilding Corporation, entered into a General Agreement of Indemnity, in writing, and under seal, with appellee.
Miami Shipbuilding Corporation defaulted under a certain construction contract with the United States Coast Guard, and the surety was required and did pay certain money under its indemnity agreement. The surety recovered a portion of its loss from the trustee in bankruptcy when Miami Shipbuilding Corporation was adjudicated a bankrupt, and then sued the individual indemnitors for the balance due, under the agreement.
The defense, inter alia, was that the appellants were not stockholders in the company at the time of the default and loss; and that the court erred in excluding the testimony of a witness after proffer, and in directing a verdict for the appellee.
The testimony of the witness was properly excluded, inasmuch as a contract under seal cannot be altered or modified by parol evidence. Tischler v. Kurtz, 1895, 35 Fla. 323, 17 So. 661.
The net effect of the proffered testimony would have been an attempt to vary, or change, the terms of the written agreement by parol.
The Agreement contained the following language:
******
“12. This Agreement may be terminated by the Indemnitors, or any one or more of the parties so designated, upon written notice to the Company of not less than 10 days, but any such notice of termination shall not operate to modify, bar or discharge the liability of any party hereto, upon or by reason of any and all such obligations that may be then in force.”
******
It was admitted that no notice in writing of a termination of this agreement was ever given by the individual indemnitors,, appellants herein.
The agreement remained in force and effect, regardless of stock ownership, and the individual indemnitors were liable thereunder,
The remaining argument is that the court should not have directed a verdict for the appellees.
We have examined the record and agree with the decision of Swilley v. Economy Cab Co. of Jacksonville, Fla.1951, 56 So.2d 914:
“It is too well settled for comment that it is the duty of the trial court to direct a verdict for the defendant if no evidence is submitted upon which the jury could lawfully find a verdict for the plaintiff. It is not a question of whether any evidence is submitted. There may be plenty of evidence produced. The test is whether or not it is sufficient to convince the jury of the truth of the cause of action, or whether as reasonable men they could draw any inference as to its truth or falsity. If it fails to-meet this test, it should not be submitted to the jury. If the evidence as a whole is such that one of several in *61 ferences may be drawn from it, it should be submitted to the jury. If the evidence as a whole with all reasonable’ inferences from it does not as a matter of law tend to prove the cause of action alleged, a verdict for defendant should be directed.”
The decision of the trial court is therefore affirmed.