SPECTOR, Judge.
This is an appeal from judgments entered pursuant to verdicts against the appellants, defendants below, in damage actions arising from a vehicular accident resulting in the death of appellee’s wife and decedent.
Appellee Darrell Johns brought his individual action against four defendants: James Edward Martin, Jr., driver of the passenger bus involved; George Rivenbark, Jr., owner of the bus; Eugene Morgan, driver of the truck involved; and E. D. Middleton Produce, Incorporated, owner of the truck. Appellee Darrell Johns, administrator of the estate of Linda Johns, filed a separate action as personal representative against the same four defendants listed in the individual action. Both suits were consolidated for trial before a jury and resulted in verdicts in favor of both plaintiffs against the three defendants who have appealed. The fourth defendant, Martin, driver of the bus, was found free of fault by the jury. All three remaining defendants appealed in both actions and they are consolidated on this appeal.
The accident sued upon occurred in Santa Rosa County just east of the bridge across Marcus Bayou on U. S. Highway 90. The decedent was a passenger in the rear seat of a compact automobile heading in a westerly direction when it collided head-on with a bus owned by Rivenbark which was traveling east. The collision occurred on the north side of the highway in the lane of traffic properly being used by the compact automobile. It appears from the evidence that the bus swerved to its left and into the lane of the oncoming compact car when its driver attempted to stop or slow down for another car ahead of it which was making a turn off the highway. When the bus driver hit his brake, it malfunctioned and caused the bus to swerve into the compact’s lane. Evidence adduced enabled the jury to find that the bus owner knew of the defective brake condition and had failed to take adequate measures to correct same. Also it was shown that there was a causal relation between the defective condition of the brakes and the swerving of the bus when its driver attempted to stop or slow down.
The evidence further showed that simultaneously or immediately after the collision between the compact car and the bus, the former was struck from the rear by the truck owned and driven by the appellants, E. *713 D. Middleton Produce, Incorporated, and Leslie Eugene Morgan, respectively.
The principal issue raised by these two appellants is that there was an insufficiency of evidence from which the jury could find the truck driver’s conduct to be negligent. These appellants contend that the preceding negligence of the bus and the force with which the bus hit the compact automobile caused the compact to roll or jump backward some several feet into the path of the oncoming truck. They argue that if the driver of the truck had available that added space he would have had sufficient space within which to stop.
It is on a similar theory that the court in Manganelli v. Covington, 114 So.2d 320 (Fla.App.3d 1959), held that the evidence was insufficient to go to the jury in an action for injuries suffered by a pedestrian when he was struck by the defendant’s vehicle after being thrown into their lane of traffic. The case at bar, however, is distinguishable from the line of cases represented by Manganelli, supra, in that here there was evidence of separate and independent negligence on the part of the truck driver which could legally form the basis of the jury’s finding of fault in these (the truck owner and driver) defendants too. See Hernandez v. Pensacola Coach Corporation, 141 Fla. 441, 193 So. 555 (1940), and Booth v. Mary Carter Paint Company, 182 So.2d 292 (Fla.App.2d 1966).
Under the evidence in this record, the question posed by the appellants Middleton and Morgan, that is, whether the truck driver did everything he reasonably could to avoid the collision with the compact, was within the jury’s province to resolve and with its disposition of that question we cannot interfere. We have examined the record in light of the other points raised by the appellants in Case No. 1-185 and hold that no grounds for reversal of the judgment have been shown except as to the amount awarded for funeral expenses considered in the next paragraph.
The verdict in favor of the husband in Case No. 1-185 was in the amount of $48,505, which includes $1,295 funeral expenses claimed by the husband pursuant to an amendment to his complaint which was permitted by the trial court over appellants’ objections. The allowance of such an amendment to the husband’s complaint and the award of damages pursuant thereto is raised as error by appellants on the authority of Sinclair Refining Company v. Butler, 190 So.2d 313 (Fla.1966), and the individual appellee Johns conceding in his brief and arguments that the Sinclair case, supra, is controlling insofar as the funeral expense claim by him is concerned, we thereupon hold that the award of the funeral expense item to the husband was erroneous. Accordingly, we remand the husband’s Case No. 1-185 to the lower court for directions to enter a judgment for the husband in the amount of $47,210 with interest thereon from date of the original judgment.
Case No. 1-225 is an appeal by the same three appellants from a judgment in the amount of $1,666.45 in favor of the decedent’s husband as administrator of her estate for damages arising out of the accident described in our opinion in Case No. 1-185. Appellant Rivenbark, owner of the bus involved, urges as grounds for reversal of the judgment in 1-225 the plaintiff’s failure to include an allegation in the administrator’s complaint charging the bus owner with separate negligence in failing to maintain the bus in safe condition as was alleged in the husband’s complaint against Rivenbark. His argument is bottomed on the proposition that since there was no charge of direct negligence as to him in the administrator’s complaint, the only basis upon which he could be held liable would be by operation of the doctrine of respondeat superior. Further, since his bus driver was found without fault by the jury, it must follow that the *714 jury erroneously found against him. We have examined the complaint in question and find it to be as Rivenbark contends. The appellee administrator with commendable candor has conceded this to be the case and further concedes that his judgment against Rivenbark was entered erroneously. Accordingly, the judgment against the appellant Rivenbark in Case No. 1-225 is reversed and in all other respects it is affirmed.
WIGGINTON, C. J., and JOHNSON, J., concur.