CARROLL, Judge.
In this action by a purchaser against a seller, for specific performance of a contract for sale of certain real estate the relief sought was denied, by summary judgment, and the plaintiff-purchaser appealed.
The contract called for sale to be closed within fifty days after delivery of an abstract showing “good and marketable and insurable” title in the seller; with provision that if found to be otherwise the seller should use reasonable diligence to perfect title within a reasonable time, failing which the seller should return the down payment made under the contract, and thereupon be relieved of further obligation; or that the purchaser could demand delivery of title in the condition existing.
The abstract was delivered March 1, 1971. A letter from the purchaser’s attorney to the seller, dated March 26, 1971, written with reference to his examination of the abstract, made exceptions relating to certain unpaid intangible taxes, and in a separate paragraph stated as follows: “As you know, there is of record a restriction which requires that improvements on the property be set back 200 feet from Sunset Drive. It is my understanding that this restriction is being removed by you.”
There was then pending an action which the seller had brought for removal of the restriction referred to. By reason thereof the closing was deferred. In September of 1971 a declaratory judgment was entered removing the restriction, and a motion for rehearing directed thereto was denied. However, on October 21, 1971, the unsuccessful defendant in that action appealed from the declaratory judgment.
On October 22, 1971, the seller informed the purchaser as to the declaratory judgment, and requested agreement on a closing date. Closing was set for November 1, 1971. In preparation therefor, the seller submitted to the purchaser a proposed closing statement. The closing was not held. Instead, on November 2, 1971, by a letter from his attorney, the purchaser informed the seller that more than a reasonable time' had expired for removal of the restriction, by reason whereof the purchaser considered the contract was terminated, and that it was entitled to a return of the down payment, which therein was requested.[1]
*260 Six months thereafter, on May 16, 1972, the purchaser filed this action for specific performance of the contract. The seller answered, averring as a defense that the purchaser had terminated the contract for claimed failure of the seller to perfect the title, and had demanded return of the deposit. The answer contained a counterclaim contending the deposit had been forfeited for failure of the purchaser to close, without cause because the setback restriction was not a defect in the title; that the closing had been extended by consent pending outcome of the declaratory judgment action, and that the purchaser had agreed to pay interest for the extended period, recovery of which was sought by the seller. The summary judgment did not affect the counterclaim, which remained pending.
The appellant seeks reversal of the partial summary judgment on the contention that it was bottomed on genuine issues of fact which properly could not be thus resolved. The appellee concedes that issues of fact were developed in the evidence which was before the court on the motion for summary judgment, but takes the position that the material facts upon which the judgment depended were not in issue, and that the issues .created were on collateral matters the resolution of which was not essential or material to the summary judgment entered. Upon examination of the record and briefs we are impelled to agree with the position thus taken by the appel-lee. Issues were raised as to whether the setback restriction was a cloud on the title for which, under the contract, the seller was required to seek removal by due diligence, within a reasonable time; and the issue of whether, in the circumstances of the case, the purchaser was entitled to a return of the down payment.
No reason in law has been shown for reversal of the partial summary judgment denying specific performance. That remedy is not available as a matter of absolute right even in a case where a legal right to damages for breach of contract may exist. The discretion reposed in the court to grant or withhold the equitable remedy of specific performance is a judicial discretion to be exercised in accordance with the settled rules and principles of equity, and with regard to'the facts and circumstances of each case. See 29A Fla. Jur., Specific Performance, §§ 12 and 13. In the circumstances of this case, where the purchaser refused to close the sale, declared the sale contract was terminated for a certain reason, and demanded return of the down payment, the denial of specific performance by the trial court was not an improper exercise of discretion.
Affirmed.

. The letter of November 2, 1971, from the purchaser’s attorney to the seller’s attorney was as follows: “As per our telephone conversation last Friday, and after conferring with the prospective purchasers on the above transaction, we are, on behalf of the buyers, requesting the return of the deposit you are holding.
“I note that the contract is dated January 26, 1971 and called for closing within 60 days from delivery of the abstract of title to us.
On March 26, I wrote you a letter indicating the objections to title and called your attention in particular to Paragraph 2 thereof that the 200-foot set back was being removed by you at the seller’s expense.
“Until last week, it had always been our understanding that you had been in the process of removing this restriction, which from our standpoint constitutes a cloud on the title in that the sole purpose of the purchasers in buying the property was to erect an office
*260 building thereon which requires RU-5A zoning.
“We heard nothing further from you after March 26, until last week when you sent us the proposed instruments and closing statements together with the notice of appeal filed by the Baptist Church.
“It is our opinion that you have had more than a reasonable time to remove this restriction and though you were successful in the lower Court, we are now faced with waiting until the outcome of the appeal is determined which may or may not take another six months to a year, especially if the same is appealed to the Supreme Court.
“Our clients feel that you have had more, than a reasonable time to clear the restriction and are not prepared to wait any longer for this matter to be cleared up. Therefore, again we request the return of our deposit.
“I note on the closing statement that you are charging us with interest on the proposed purchase money mortgage from May 1st in the amount of $10,000.00 and pro rating taxes until November 1st. We do not understand how, under the contract, you could charge us interest from May 1st since the same is not provided for therein.
“In any event, since we obviously cannot build an office building for some time, we feel that the contract is terminated and respectfully request the return of the deposit to the purchaser.”