NATHAN, Judge.
This appeal grows out of a purchase and sale agreement of certain real property executed on January 26, 1971, in which the appellant was the purchaser and the appel-lee was the seller.
This litigation commenced by the purchaser instituting a suit against the seller seeking specific performance of the sale of the property pursuant to the agreement of January 26, 1971. The seller answered the complaint for specific performance denying the purchaser’s right thereto and counterclaimed for forfeiture of the deposit and damages by way of interest accrued on the mortgage which had not yet been executed. The seller also claimed damages for slander of title due to the notice of lis pendens placed on the property by the purchaser. The trial court entered a partial summary final judgment in favor of the seller on the purchaser’s complaint for specific performance, which judgment was affirmed by this court. See Tiffany Realty, Inc. v. Alvin, Fla.App.1973, 286 So.2d 258. In affirming the decision of the trial court as to specific performance, this court left open the question of the purchaser’s right to pursue its complaint to recover the $10,000 good faith deposit and the question of the damages alleged in the counterclaim of the seller.
Subsequently, the trial court found in favor of the seller against the purchaser and ordered that the' seller was entitled to retain the deposit, and also found in favor of the seller against the purchaser for the $10,000 claimed as accrued interest on the aforesaid mortgage from the original date of closing of May 1, 1971, to the extended date of November 1, 1971, together with interest on this sum during such period of time and denied recovery on the seller’s complaint for damages for slander of title. It is from this judgment of the trial court entered on July 19, 1974, that the purchaser appeals and the seller cross-appeals contending that the court erred in failing to grant judgment in favor of the seller for slander of title.
*834 There are two aspects of this case that are to be considered: (1) Was the seller entitled to retain the $10,000 deposit as liquidated damages under the contract of sale, and (2) was the seller entitled to a judgment for interest when the parties had agreed orally to extend the closing from May until November of 1971. The cross-appeal will not be discussed as it is without merit.
Considering the second question first as to the judgment for interest, it was error for the trial court to find that the purchaser was indebted to the seller for interest on the mortgage from the May 1 date of closing until the agreed extended date of closing of November 1, 1971. There is no reference to such obligation in the written contract, and the alleged oral agreement was founded on the basis of a purchase money mortgage which had not yet been executed nor was it ever executed. The subject contract is under seal and provides that interest and taxes are to be prorated at the time of closing. A contract under seal cannot be altered or modified by parol evidence. Buhler v. Travelers Indemnity Company, Fla.App.1965, 174 So.2d 59, 60. The trial court found that the sealed contract was not in fact modified in that a new contract was formed between the parties for personal services, ie., removal of setback restrictions. We cannot agree because in effect such finding is modifying the purchase and sale agreement as to the interest sums due relating to the mortgage obligation contained in such agreement. Moreover, such alleged interest obligation presupposed a closing which never transpired.
As to the first question, we again reverse as there was a material dispute between the parties based on verbal discussions as to whether the removal of the restriction constituted a condition precedent to the closing of the deal which would have relieved the purchaser from his obligations under the contract provided that such could not be obtained or that there would be unreasonable delay in removing such restriction. There was also a dispute about the additional interest of $10,000 demanded to be paid by the purchaser at the proposed closing date of November 1, 1971. The trial court found that the delay in removing the setback restriction was not unreasonable. We note that in May, 1972, even though the restriction on the property had not been removed (the appeal was not yet determined), the purchaser was willing and, in fact, demanded closing by way of a suit for specific performance at which time it was the seller who refused to go through with the deal because, as he admits, the property had increased in value.
Although it was determined that the purchaser did not have a right to specific performance, the purchaser should not suffer the loss of the deposit. The purchaser demanded to close prior to the restriction being lifted on the property. Therefore, at this juncture, it would be inequitable to require forfeiture of a deposit where the purchaser wished to go through with the deal, and especially where there was a demand made by the seller at the time of the agreed closing date of November 1, 1971, for a $10,000 interest payment which this court finds to be an improper demand. It is a well settled principle of Florida law that equity abhors a forfeiture. Dade County v. City of North Miami Beach, Fla.1954, 69 So.2d 780; Tollius v. Dutch Inns of America, Inc., Fla.App.1970, 244 So.2d 467, 472. If the seller’s contention that the property has increased in value is correct and, therefore, seller did not wish to specifically perform by selling the property to the purchaser, then the seller sustained no damage and should not be entitled to retain the deposit. There is no evidence in the record of any diminution of value of the property between the dates of November 1, 1971, and of May 1, 1972, when the purchaser sought specific performance.
For the foregoing reasons, the trial court’s judgment is reversed with directions to enter judgment in favor of the purchaser for return of the deposit.
Reversed and remanded with directions.