David HARRIS, Marvin Harris, L. J. Harris, Alan B. Levan, Robert Ricklick, Robert S. Lewis, Robert T. Tenen and Jay Levan, Plaintiffs,

v.

Arthur SIEGEL, Individually, Barry Horowitz, Individually, and Howard Cooper, Individually, Defendants.

Howard COOPER, Individually, and Barry Horowitz, Individually, Third Party Plaintiffs,

v.

Arthur SIEGEL, Irwin Zuckerman, and Melvin Zuckerman, Individually, jointly, and severally, Third Party Defendants.

No. 76–1920–Civ–JLK.

United States District Court,
S. D. Florida,
Miami Division.

Oct. 7, 1977.

Bruce W. Greer, Arky, Freed, Stearns, Watson & Greer, Miami, Fla., for plaintiffs.

Nachwalter, Christie & Falk, Miami, Fla., for defendants and third party plaintiffs.

Miller & Russell, Miami, Fla., for third party defendants.

## ORDER OF PARTIAL SUMMARY ADJUDICATION

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the petitioners' motion for summary judgment. The court, having considered the record and being fully advised in the premises, finds and concludes that petitioners' motion for summary judgment should be granted in the form of an order for partial summary adjudication.

*Background:*

The following issues of fact are uncontested. On January 4th, 1973, petitioners and respondents executed a promissory note as evidence of a prior indebtedness of $732,-098.36. On that same day, both parties executed a purchase money mortgage as security for the promissory note. The promissory note stated, *inter alia,* that failure of the maker to pay any installment of interest

as and when it becomes due with such failure continuing uncured for fifteen (15) days will confer upon the Payee . . . the privilege of accelerating and calling due the entire unpaid balance of principal and interest evidenced hereby, anything to the contrary in this Note contained notwithstanding.

In addition, the promissory note stated that this acceleration clause corresponds to a similar clause in the purchase money mortgage agreement.

Subsequent to the execution of the aforementioned note and mortgage, respondents failed to tender payment of one of the installments of interest when it became due. Petitioners then sent written notice to respondents indicating their intention to invoke the acceleration clause embodied in the promissory note. Respondents have acknowledged, in their pleadings, that they did not tender "the most recent interest due" when it became due.

Finally, respondents subsequently offered to pay petitioners all interest owed. However, this offer did not occur until after the petitioners had elected to invoke the acceleration clause.

Respondents contest petitioners' motion for summary judgment on three grounds.

*Respondents' Contention # 1:*

First, respondents claim that both parties entered into an agreement "that the

**512**

Plaintiffs. [petitioners] would look to the mortgage prior to seeking a Judgment on the Note," contemporaneous with the execution of the note and the mortgage.

Evidence of such an agreement would be inadmissible at trial. It is parol evidence and, as such, it would be inadmissible to modify or contradict the terms of the note and mortgage since they were written, under seal, and they are unambiguous on their face. *See Buhler v. Travelers Indemnity Company,* 174 So.2d 59 (Fla. DCA 1965). Because such evidence would be inadmissible at trial, it is improper for this court to consider it in its determination of this motion for summary judgment. 10 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2725.

The promissory note contained an acceleration clause as did the mortgage document. In addition, the mortgage document stated that the remedy available under its foreclosure provisions did not derogate from the other remedies available to the mortgagee-petitioners by law. Thus, petitioners properly invoked the acceleration clause in response to respondents' failure to tender an interest installment when due.

*Respondents' Contention # 2:*

 Respondents' second contention is that petitioner should not be permitted to pursue his present suit upon the promissory note because of an independent suit initiated by Alison Mortgage Investment Trust against petitioners and respondents as defendants. That suit, which is currently pending in the Circuit Court for the 11th Judicial Circuit for Dade County, involves a foreclosure action. In the course of that suit, the present petitioners filed a cross-claim for foreclosure against present respondents.

It is respondents' contention that petitioners' cross-claim constituted an election of remedies.

Respondents' contention is incorrect. If respondent means that petitioners' suit upon the promissory note is barred by the cross-claim for foreclosure, such a contention would be incorrect because the foreclosure action was filed subsequent to the action upon the note. *See First State Bank and Trust Company v. Mellay,* 156 So.2d 518, 519 (Fla.2d DCA 1963).

If respondent means that petitioners were required to first sue in foreclosure before suing upon the note, such a contention would be equally misplaced. Statute 702.06, so heavily relied upon by respondents, does not require a plaintiff to sue in foreclosure first. Rather, it invests the courts with authority to enter a deficiency decree in a suit initiated for foreclosure.

It should be noted, for the benefit of the defendants and third party defendants, that this court has given its fullest attention to the papers submitted by counsel in this matter. Third party defendants submit a great number of cases in support of their argument. However, none of them—including *Provost v. Swinson,* 109 Fla. 42, 146 So. 641 (Fla.1933)—is apposite to the issue before this court. Defendants and third party defendants fail to recognize that the complaint in the present suit upon the promissory note was filed on October 29, 1976, whereas the cross-claim for foreclosure was filed in the state suit on November 19, 1976. Thus, the contention that the subsequent cross-claim constituted an election of remedies as to the *earlier* claim upon the promissory note is defective. Defendants and third party defendants are directed to the very first paragraph of the case supplied by them—*Provost v. Swinson.* In that paragraph the Supreme Court of Florida notes that "the plea in abatement alleged that on the same date on which the suit at law was filed . . . a suit was filed on the chancery side . . . to foreclose the mortgage which secured the notes." *Provost,* supra, at 641.

Thus, petitioners' decision to first sue upon the note was proper and was not rendered invalid by the subsequent cross-claim in foreclosure.

*Respondents' Contention # 3:*

 Respondents' final contention is that their offer to pay petitioners all interest currently owing vitiates the effect of the acceleration clause embodied in the promissory note.

There is no dispute that such an offer was made. Yet, even assuming the offer to have been genuine, it does not affect the status of petitioners' suit. Although an acceleration clause can be obviated by a tender by a mortgagor, the Florida Supreme Court, in *New England Mutual Life Insurance Company v. Luxury Home Builders, Inc.,* 311 So.2d 160, 163 (Fla.3d DCA 1975), has noted that "in order for such a tender to be effective, it must be made *before an election* to accelerate is made, and it need be a valid tender of payment of the amounts due, and not simply an offer therefor." (emphasis added.)

Petitioners' affidavit of Alan Levan states that no offer to pay interest owed was ever made prior to the election to accelerate. The substance of this affidavit is uncontested by respondents. Respondents claim, instead, that this court should not consider the affidavit because it was not filed in a timely fashion.

Petitioners' initial motion for summary judgment was filed on March 4, 1977. Respondents' response was filed on March 18, 1977. Petitioners' reply to this response, to which was attached the affidavit of Alan Levan, was filed on May 3, 1977.

Respondents' contention that petitioners' reply is governed by the same time limits governing respondents' response, as stated in Local Rule No. 10, is unfounded. The Fifth Circuit has treated this issue in *L. D. Woods v. Allied Concord Financial Corp.,* 373 F.2d 733 (5th Cir. 1967) in which a crucial affidavit was filed by the plaintiff-movant on the day of the trial of the motion for summary judgment. In *Woods,* the court rejected defendant's contention that it was necessary that plaintiff serve all of his papers at least ten days prior to the date fixed for the hearing. The Court stated, *inter alia,* that

> appellant ignores the provisions of Rule 6(d) which should be read in conjunction with Rule 56(c) and which authorizes the court to permit opposing affidavits to be served at some other time. Also, under Rule 6(b), a rule of general application, the court, for cause shown, is given wide discretion to enlarge the time for doing an act required or allowed under the rules to be done within a specified time. *L. D. Woods,* supra, at 734.

Respondents have not demonstrated nor even claimed that petitioners were dilatory in their actions. Moreover, respondents do not contest the allegations of the aforementioned affidavit, nor were they deprived of adequate time to do so. As a result, it would not be an abuse of judicial discretion for this court to consider the affidavit of Alan Levan, filed May 3, 1977, in its determination of the summary judgment motion in this case.

As Rule 56(e) states, when a motion for summary judgment is made and supported with affidavits, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Respondents have not done so here.

In sum, this court has considered the record as a whole and has given the "party opposing the summary judgment motion . . . the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists that justifies proceeding to trial." 10 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2725. The uncontested facts demonstrate that petitioners and respondents executed a promissory note and a mortgage; that respondents failed to tender an interest installment required by the promissory note in a timely fashion; and that petitioners gave notice of their intention to accelerate the payments prior to respondents' offer to pay all current interest payments owed.

Given this record, petitioner is entitled to a judgment as a matter of law.

*Judgment:*

Pursuant to the terms of the promissory note, petitioners were to receive $732,-098.36. Petitioners acknowledge that they have received, as a partial offset against this indebtedness, $34,300.35.

Further, respondents acknowledge that under the terms of the promissory note, petitioners are entitled to attorneys' fees and court costs incurred as a result of petitioners having to enforce their claim in court. However, petitioners have not indicated the extent of these costs thus far and neither party has offered any evidence as to the amount of the original indebtedness which had been paid by respondents prior to the unpaid interest installment which constitutes the focal point of this suit.

Therefore, this court directs and orders that a partial summary adjudication be entered for the petitioners as to respondents' liability to pay the full amount of the debt of $732,098.36, with offsetting credits for any amounts paid by respondents prior to and subsequent to the initiation of this lawsuit. Further, this court directs and orders that a partial summary adjudication be entered for the petitioners as to respondents' liability for attorneys' fees and court costs incurred by petitioners in the course of this lawsuit. Pursuant to this order, the court directs both parties to submit further pleadings on the extent of the unpaid indebtedness and the attorneys' fees and court costs incurred.