### In re WORLD OF ENGLISH, N. V., Debtor.

### In re COMMUNICATION & STUDIES INTERNATIONAL, LTD., Debtor.

### COMMUNICATION & STUDIES INTERNATIONAL, LTD. and World of English, N.V., Plaintiffs,

### v.

### BANK OF AMERICA, N.T. & S.A., Defendant.

**Bankruptcy Nos. 81–02822A, 81–02823A. Adv. No. 81–1282A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

April 27, 1982.

David G. Bisbee, Robert A. Parker, Jr., Bisbee & Parker, Dale M. Schwartz, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for plaintiffs.

Jesse H. Austin, III, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the March 30, 1982 and April 9, 1982 Motions of the defendant, Bank of America, N.T. & S.A. ("BOA") to strike the affidavits, depositions, examinations, and hearing transcripts upon which the plaintiffs rely in support of their November 2, 1981 motion for partial summary judgment.

The March 30, 1982 Motion to Strike objects to the following: (1) the November 2, 1981 affidavit of Herbert W. Scheidel on the grounds that it does not meet the requirements of Federal Rule of Civil Procedure 56(e); and (2) the May 6, 1981 deposition of Herbert W. Scheidel, the May 13, 1981 Rule 205 examination of Jack Schultz, the May 19, 1981 deposition of Takashi Mori, the testimony of Herbert W. Scheidel and Takashi Mori taken before this Court on May 18, 1981, and the October 7, 1981 testimony of Peter Holmes on the grounds that these depositions and testimony were taken in adversary proceedings and hearings other than in the above-styled adversary proceedings and prior to either the date of the filing of the plaintiffs' Chapter 11 petitions or the date of the filing of this adversary proceeding.

The April 9, 1982 Motion to Strike Affidavits objects to the April 8, 1982 affidavit of Herbert W. Scheidel, the February 2, 1982 affidavit of Herbert W. Scheidel, the April 8, 1982 affidavit of Kiyoshi Fukui, and the November 13, 1981 affidavit of Akira Nomoto. BOA alleges as a basis for the April 9, 1982 Motion to Strike Affidavits that the subject affidavits were untimely filed under Federal Rule of Civil Procedure 6(d), made applicable to the Bankruptcy Courts by Rule of Bankruptcy Procedure 906(d), because said affidavits were not filed with the debtors' November 2, 1981 motion for partial summary judgment.

■ The objections contained in BOA's March 30, 1982 Motion to Strike have merit. Federal Rule of Civil Procedure 56(e) requires affidavits to be made on personal knowledge. It is appropriate in certain circumstances to base a statement on records kept in the ordinary course of business without the necessity of producing the employee who made the entry into the ledger from which such evidence is based. However, in the instant case, paragraphs six and seven of the November 2, 1981 Scheidel affidavit have been admitted to have been based not on the personal knowledge of the affiant but upon information obtained from Mr. Frank Darwin and Mr. Takashi Mori of Communications & Studies International, Ltd. ("C&S"). (See the January 28, 1982 deposition of Herbert W. Scheidel at page 37.)

■ BOA also objects to paragraph eight of the November 2, 1981 Scheidel affidavit, which after reference to the January, 1981 Coopers & Lybrand report ("Coopers re-

port"), asserts that the cost of providing Actual Living English ("ALE") and World Family ("WF") services with respect to ALE and WF accounts is approximately $200,000.00 per month. This paragraph is appropriate for use in an affidavit in support of a motion for summary judgment. It is based on the affiant's personal knowledge taken from and with reference to the January, 1981 Coopers report. The Court notes that the Coopers report is merely a projection of costs and will weigh it accordingly. The Court also is aware that the April 8, 1982 affidavit of Kiyoshi Fukui that is the subject of BOA's April 9, 1982 Motion to Strike addresses the facts contained in paragraphs six, seven, and eight of the November 2, 1981 Scheidel affidavit. Paragraph nine of the November 2, 1981 Scheidel affidavit should also be struck due to its failure to comply with Federal Rule of Civil Procedure 56(e). (See the January 28, 1982 Scheidel deposition at pages 35–36.)

■ Paragraphs ten, eleven, and twelve of the November 2, 1981 Scheidel affidavit are objected to in that they contain opinion evidence. Evidence which is admissible at trial is subject to use in a summary judgment motion. *Harris v. Siegel*, 438 F.Supp. 510 (S.D.Fla.1977); 6 *Moore's Federal Practice* ¶ 56.22[1], 56–1324. A witness's opinion may be admissible under certain circumstances, and Mr. Scheidel's opinion as to the matters contained in paragraphs ten, eleven, and twelve of his affidavit is admissible in evidence. 6 *Moore Federal Practice* ¶ 56.22[1], 56–1323. In summary, for the above-stated reasons, paragraphs six, seven, and nine of the November 2, 1981 Scheidel affidavit shall be struck from said affidavit.

■ The other objections contained in the March 30, 1982 Motion to Strike, with the exception of the Rule 205 examination of Jack Schultz, are sustained. Generally, information contained in depositions and testimony of parties to a suit taken in prior proceedings are admissible in other proceedings where there is an identity of issues. *Western Land Corporation v. Crawford-Merz Company*, 62 F.R.D. 550 (D.Minn. 1973). In the instant case, there has been no showing of identity of issues contained in the May 6, 1981 Scheidel deposition, the May 19, 1981 deposition of Takashi Mori, the May 18, 1981 testimony of Mr. Scheidel and Mr. Mori, and the October 7, 1981 testimony of Peter Holmes with the issues presented by the plaintiffs in their motion for partial summary judgment. BOA is estopped from objecting to Jack Schultz' Rule 205 examination due to the stipulation that said examination may be used in "subsequent hearings or other proceedings before the Court." (May 13, 1981 Rule 205 examination of Jack Schultz at pages 169–170.)

Federal Rule of Civil Procedure 6(d) provides in relevant part that:

"When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided . . ., opposing affidavits may be served not later than one day before the hearing."

It is readily apparent from reading Federal Rule of Civil Procedure 6(d) that the purpose of this rule is to insure that the party opposing a motion for summary judgment be given sufficient time to respond to the affidavits filed by the moving party so as to avoid any undue prejudice. The procedure in the Bankruptcy Court for the Northern District of Georgia is to allow twenty days from the date of filing to respond to a motion for summary judgment. In the instant case, BOA has been given thirty-one days from the date of service of the April 8, 1982 affidavit and substantially more time from the date of the February 2, 1982 and November 13, 1981 affidavits to respond to the information contained therein. Accordingly, where the purpose of Rule of Bankruptcy Procedure 906(d) has been accomplished, the Court will not entertain a motion to strike affidavits. Therefore, for the above-stated reasons,

BOA's March 30, 1982 Motion to Strike is granted in part and denied in part, and BOA's April 9, 1982 Motion to Strike Affidavits is denied.

IT IS SO ORDERED.