PIDCOCK-JONES COMPANY v. ZOLA BELL WATSON, *et al.*

193 So. 305
Division A
Opinion Filed January 16, 1940

*H. L. Anderson,* for Plaintiff in Error;

*Mickler & Mickler,* for Defendants in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of what appears by inference to be substituted plaintiffs for damages sustained by the wrongful death of the father of plaintiffs.

The suit was filed by the widow of deceased and before it came on for trial she died and counsel say the three minor children were substituted and the suit revived with them as plaintiffs.

The record here fails to show such proceedings but, as such is admitted by the parties to have been the statue, we accept it as such.

It is alleged that the father of plaintiffs was killed in a collision between an automobile in which he was riding and the rear end of a truck driven by defendant's agent and servant. There is no evidence as to the manner in which the automobile was being driven and there is a paucity of evidence of any negligent operation of the truck. The only evidence tending to prove negligence on the part of the driver of the truck is circumstantial and the evidence of negligence of the driver of, and those occupying the automobile, is as evident from the circumstances as is any negligence of the driver of the truck.

We are not willing to say that plaintiffs cannot recover under the evidence because of the entire lack of proof of negligence on the part of the driver of the truck, but a very weak case, if any at all, is made.

The suit is brought under provisions of Sec. 4961 R. G. S., 7048 C. G. L. In the case of Triay, as Receiver, v. Seals, *et al.,* 92 Fla. 310, 109 Sou. 427, this Court had under consideration a suit brought under this statutory provision and in that case it was held:

"A minor child's claim for damages for the death of its

father by the wrongful act of another under our law is based on these elements as qualified: (1) The loss of support which the father is in duty bound to give his child during its minority, based on the evidence of his probable future earnings and other acquisitions, such earnings and acquisitions to be estimated upon the basis of the father's earnings in his past, his age, health, business capacity, habits, experience and energy and his present and future prospects for business success at the time of his death and (2) the loss of attention, care, comfort, companionship, protection, education and moral training of the father which might reasonably have been anticipated in the light of the evidence relating to the character and conduct of the father as such. These elements to be based on the probable life of the father. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercises a reasonable discretion as to the amount to be awarded based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information."

The evidence in this case fails to establish the essential requirements pointed out in the Seals case. It is not shown what amount, if any, the father was contributing to the support of either of said children at the time of his death. The proof of his earning capacity is by way of answer to interrogatories, the answers being given by one who is not shown to be a party to the suit, though she answers that she is one of the plaintiffs, and who testified at the trial that she did not know what deceased was earning at the time of his death. This witness, Essie Mae Mock, testified that she was one of the children of the plaintiff. She did not testify as to her age but she did testify that

she was a married woman and had three children. There-
fore, it appears from the record that she was not entitled
to maintain suit.

The rule, as stated in the Seals case, is that a minor child
claiming damages for the death of its father by wrongful
act of another is based on the loss of support which the
father is in duty bound to give his child during its minority,
based on the evidence of his probable future earnings under
the rule above stated, and the loss of attention, care and
comfort, companionship, protection, education and moral
training of the father which might reasonably have been
anticipated in the light of the evidence relating to the
character and conduct of the father as such. These ele-
ments are to be based on the probable life of the father.

There is no evidence in the record to support a verdict
based upon these latter stated conditions. There is no evi-
dence as to the age or life expectancy of the father.

In such cases as this, while several children may join in
one action, each must recover on its own status. A minor
child, seventeen years of age has the same right to maintain
an action that the child of two years of age may have, but
the amount of damages which may be recovered by each
is necessarily different. The two-year-old child, if the
father be young enough, may have an expectancy of sup-
port for 19 years, while the seventeen-year-old child would
have an expectancy of support for only four years. The
amount of recovery which may be had is also controlled
as to each minor child by the life expectancy of the father.
If at the time of his death the life expectancy of the father,
for instance, was only five years then no minor child could
recover for the loss of support for more than five years.

So, in such cases, the verdict of the jury should fix the
amount, if any, to be recovered by each of the minor

children. In this case there was a mass verdict for $23,500.00.

The plaintiffs' ages at the time of the death of the father were two years, fifteen years and seventeen years, respectively.

The amounts of the verdict, under the most favorable aspect that could possibly be given the evidence, is entirely out of reason and finds no logical basis in the record.

The plaintiff in error presents a number of questions involving the action of the trial court in regard to certain pleas that were filed. It is not necessary to discuss these pleas, except those which sought to defend on the theory that the case had been settled out of court by the guardian; but, it is sufficient to say that all the evidence which the defendant in the court below, plaintiff in error here, introduced in the court below, or attempted to introduce, was available under the plea of not guilty, or under the plea of contributory negligence, which was not stricken.

As to the pleas which sought to set up settlement by the guardian out of court, we must hold that demurrers or motions to strike were properly sustained because the allegations thereof were insufficient to show that such settlement was made so as to be binding on the minors. It is shown that the alleged settlement was made while the suit was pending, by a guardian who was not a party to the suit and was, therefore, without authority to control the litigation. The record shows that the suit was in the name of the minors by their next friend and was such as could be so maintained under the statute, *supra*. No authority is shown in the guardian to abridge or cut off that right.

For the reasons stated, the judgment must be reversed and the cause remanded for a new trial.

So ordered.

Reversed and remanded.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and·Rule 21-A of the Rules of this Court.