CARROLL, Judge.
Thomas Eugene Williams, aged 42, a signal maintainer employed by appellants at a wage of $5,888 per year, was killed by electrocution in a signal station maintained by the railroad at Jupiter, Florida, on November 19, 1959. He left a widow and five minor children.[1] The widow, as adminis-tratrix, instituted this suit under the pro *110 visions of the Federal Employers’ Liability Act (45 U.S.C.A. §§ 51-59) on behalf of herself and the children in the circuit court in Dade County. She obtained a verdict in the aggregate sum of $150,000 which was therein apportioned $50,000 to the widow Willie Mae, and $20,000 to each of the five children. Judgment was entered on the verdict. Defendants’ motion for new trial was denied and they appealed. Eighty assignments of error were filed, and thirteen points briefed and argued, but error was not disclosed except for a showing of ex-cessiveness in the amount of the verdict.
 Allowance by the jury of $20,000 to each of the five children is unrealistic and its excessiveness is apparent on the record. In a case of this character the elements of damage to a minor child from a parent’s death may be materially different from those allowable to a spouse or collateral dependent relative.[2] Their loss may be of parental society, companionship, acts of kindness in the relation and of nurture involving care, training, advice, guidance and education;[3] and in the absence of a reasonable necessity for dependence beyond majority such damages are restricted to the years of minority.[4] Giving the children the most favorable benefit of the jury’s compensation to them, by leaving undisturbed the allocation of $20,000 to the youngest, Marie, who at ten years of age had between ten and eleven years of remaining minority, excessiveness became clear when $20,000 was allowed to Wendell who would attain his majority in a little more than one year. The same is true proportionately of the three other children who were aged twelve, fifteen and sixteen.
The ordering of a remittitur to remove excessiveness from a verdict is proper and is not usurping a jury function when the excess is disclosed on the record of the case or shown to have resulted from a misconception of the law or elements of damage. Compare Patton v. Baltimore & O. R. Co., D.C.W.D.Pa.1953, 120 F.Supp. 659, 665-667. This case presents such an instance, in the respects outlined above; and a verdict in an F. E. L. A. action is susceptible to a remittitur order when tried in a state court. Union P. R. Co. v. Hadley, 246 U.S. 330, 38 S.Ct. 318, 62 L.Ed. 751.
In the case of Bartholf v. Baker, Fla. 1954, 71 So.2d 480, 484, the Supreme Court upon concluding that a verdict was excessive and shown on the record to be without basis in the evidence, remanded the cause with directions to the trial court to enter an appropriate remittitur, or if unable to determine upon such, to grant a new trial as to damages. In so holding the Supreme Court said: “ * * * we have never hesitated to reverse a case because of an excessive verdict if the verdict which was rendered is not even suggestively sustained by the evidence.”
Accordingly, though otherwise the judgment is affirmed, this cause is remanded to the circuit court with directions that the able trial judge enter an appropriate re-mittitur which he is in a better position to do than are we because of having heard the case as it was tried before him and the jury. And we further direct, as was done in Bartholf v. Baker, supra, that if the trial judge should conclude that he is unable to determine a proper amount of remittitur, *111 then in the alternative he is directed to grant a new trial on the question of damages only.
Affirmed in part and reversed in part and remanded with directions.

. The children, with their ages at the time of trial, were Marie ten, Thomas Eugene twelve, Betty Jo fifteen, Leroy sixteen and Wendell nineteen.

. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, Ann. Cas.1914C, 176; Norfolk & W. R. Co. v. Holbrook, 235 U.S. 625, 35 S.Ct. 143, 59 L.Ed. 392.

. Giles v. Chicago Great Western Ry. Co., D.C.D.Minn.1947, 72 F.Supp. 493; Teeters v. Pennsylvania R. Co., D.C.W.D. Pa.1954, 118 F.Supp. 385; Thomas v. Conemaugh Black Lick Railroad, D.C. W.D.Pa.1955, 133 F.Supp. 533, 543; Miller v. Southern Pac. Co., 117 Cal.App. 2d 492, 256 P.2d 603, 612.

. Chicago, B. & Q. R. Co. v. Kelley, 8 Cir., 1934, 74 F.2d 80, 85; Thompson v. Camp, 6 Cir., 1947, 163 F.2d 396, 403; Stark v. Chicago, North Shore & Milwaukee Ry. Co., 7 Cir., 1953, 203 F.2d 786. Cf. Boller v. Pennsylvania Railroad Company, D.C.N.D.Ind.1960, 185 F.Supp. 505.