391 So.2d 295 (1980)
Ann Marie STAIB and Her Husband, Daniel Staib, Appellants,
v.
FERRARI, INC., a Florida Corporation d/b/a Ferrari's Pizzeria and Italian Restaurant, Appellee.
No. 80-482.
District Court of Appeal of Florida, Third District.
December 9, 1980.
*296 Daniels & Hicks and Sam Daniels, Rentz & Haggard, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellee.
Before HENDRY and BASKIN, JJ., and VANN, HAROLD R., (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal by plaintiffs below from an order of the Circuit Court of Dade County, Florida granting defendant a new trial. Defendant, Ferrari, has cross-appealed. We affirm the order of new trial.
Briefly, the evidence at trial showed that the Staibs, plaintiffs in the trial court, ordered a pizza from the defendant's restaurant to be delivered to their home. As Mrs. Staib was eating the pizza, she bit down upon a small metallic substance. Subsequent X-rays disclosed that she had swallowed a tiny piece of the metal. The plaintiffs admitted that Mrs. Staib had no physical complications beyond a small cut in her mouth, but claimed that she suffered permanent psychological scarring and could no longer eat food prepared by anyone other than herself.
The case was tried on theories of negligence and breach of warranty. At the conclusion of the trial, the court submitted a special interrogatory verdict form to the jury and explained the procedure to be followed in answering the questions. After deliberations, the jury returned a verdict finding that there was no negligence or breach of warranty on behalf of the defendant, but nevertheless assessing damages in favor of the plaintiffs for $114,000, the approximate figure requested by plaintiffs' counsel during closing argument. After some discussion and confusion, the trial judge gave the jury a fresh verdict form and the jury returned to the jury room. Soon thereafter the jury returned a verdict for plaintiffs in the amount of $114,000, finding the defendant liable for negligence and breach of warranty.
The court below granted the defendant's motion for a new trial as to both liability and damages. The salient findings of the court leading to the grant of a new trial were: (1) the jury was confused about the issues of the case and was unable to correctly fill out the verdict form; (2) the size of the verdict was grossly excessive and shocked the conscience of the court; (3) the court erred in charging the jury on the doctrine of res ipsa loquitur; (4) the court erred in charging the jury on permanent injury, and allowing into evidence plaintiffs' mortality tables; and (5) the court erred in failing to direct a mistrial due to the mention of certain inadmissible, irrelevant, and prejudicial matters.[1] From this order the plaintiffs and the defendant have appealed, and cross-appealed, respectively.
On review, our inquiry is limited to the narrow issue of whether the trial judge abused his discretion in granting the motion for a new trial.
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, .. . who because of his *297 contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, ... the ruling should not be disturbed in the absence of a clear showing that it has been abused... .
Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959); Westbrook v. All Points, Inc., 384 So.2d 973, 974 (Fla.3d DCA 1980).
The Florida Supreme Court has outlined the test to be applied by appellate courts in determining whether there has been an abuse of discretion by the court below:
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
Baptist Memorial Hospital, Inc., supra, 384 So.2d at 146.
Thus, the test is one of reasonableness, and in this case the record amply supports the trial judge's finding that the jury was confused and unable to properly fill out the verdict form. In fact, the jury reached two completely different results in the span of five minutes, first finding the defendant not liable under either theory, and then finding liability under both theories.
Additionally, the judge below found that the size of the verdict was so excessive that it shocked the conscience of the court. The Florida Supreme Court has held that the excessiveness of a verdict is a valid reason for granting a new trial. Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961); Cloud v. Fallis, supra. Having only the bare record before us, it is not for this court to second guess the trial court's wisdom as to the necessity for a new trial:
Mere disagreement from an appellate perspective is insufficient as a matter of law to overturn a trial court on the need for a new trial. The trial judge "[is] in a much better position than an appellate court to pass on the ultimate correctness of the jury's verdict."
Castlewood International Corp. v. LaFleur, 322 So.2d 520, 522 (Fla. 1975) (citation omitted). Moreover, a stronger showing is required to reverse an order allowing a new trial, as here, than to reverse an order denying one. Pyms v. Meranda, 98 So.2d 341 (Fla. 1957).
Upon examination of the record and briefs, we conclude that the plaintiffs have failed to present a clear showing that the trial court abused its discretion in granting a new trial. We are of the opinion that reasonable men could differ as to the propriety of the action taken. We agree with the trial court that under the particular facts of this case, the res ipsa loquitur instruction should not have been given. Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978).
For the foregoing reasons, the order appealed is affirmed. We have considered the cross-appeal filed in this action and find it to be without merit.
Affirmed.
NOTES
[1] In granting a new trial, the court below properly followed the dictates of Wackenhut v. Canty, 359 So.2d 430 (Fla. 1978), which held that such orders should articulate the reasons for the grant so as to facilitate appellate review in determining whether judicial discretion has been abused. Here, the judge specifically stated several distinct reasons for the grant of a new trial.