PER CURIAM.
Following return of a jury verdict in favor of Mr. and Mrs. Kaufman, the trial court granted a new trial solely as to damages. The court based its ruling on what it determined to be a “grossly inadequate” award in light of the damages sustained by Mrs. Kaufman when she slipped and fell as a result of defective pavement. The court found that the jury was prejudiced by improper closing remarks of counsel for appellant, H.L. Edwards Construction Co.*
Noting that a trial judge is in a “much better position than an appellate court to pass on the ultimate correctness of the jury’s verdict,” Pyms v. Meranda, 98 So.2d 341, 343 (Fla.1957); Staib v. Ferrari, Inc., 391 So.2d 295, 297 (Fla. 3d DCA 1980), citing Castlewood International Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975), we affirm the trial court’s order. Furthermore, we rely upon the well-established law of Florida that a trial court’s discretion to grant a new trial should not be disturbed except upon a clear showing of abuse. Cloud v. Fallis, 110 So.2d 669 (Fla.1959). We find no abuse of discretion. Appellants’ remaining points lack merit.
Affirmed.

 Counsel for appellant, H.L. Edwards Construction Co. stated:
I added all this up at $461,775 [the total of damages suggested as compensable by plaintiff s attorney] and the only thing that I see is Mr. Rodgers and Mr. Virgin [counsel for the plaintiffs] getting rich.
That’s all that I see with $461,000.