**Barbara DAVIS, et al.,**
**Plaintiffs-Appellees,**
**Cross-Appellants.**

v.

**The Hon. John MARSH, Jr., Secretary of the Army, et al., Defendants-Appellants, Cross-Appellees.**

**No. 85–5947.**

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1987.

---

Leon B. Kellner, U.S. Atty., Marc Fagelson, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for defendants-appellants, cross-appellees.

Robert Rosenblatt, Joe N. Unger, Miami, Fla., for plaintiffs-appellees, cross-appellants.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

---

\* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. The district court ruled that Roosevelt Dix, Sr. was not entitled to damages as a "surviving spouse" as defined in Florida Statute §§ 768.18

**PER CURIAM:**

This case involves a review of damages awarded by the district court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2674, 2675(b) (1982), and Florida's Wrongful Death Act, Fla.Stat. § 768.21 (1985). For the reasons that follow, we vacate the damages awarded by the district court and remand the case for proceedings not inconsistent with this opinion.

**PROCEDURAL HISTORY**

On Saturday, April 4, 1981, at 2:00 a.m., Joseph Mattheny, a civilian employee of the United States Army, was driving a 1976 pickup truck one mile south of Florida City, Florida. As a security guard, Mr. Mattheny was assigned to regularly inspect the ultra-hazardous missile sites in the area of the Homestead Air Force Base, Homestead, Florida. As Mr. Mattheny proceeded north on State Road 5, he was momentarily distracted by a passing vehicle, which had its bright headlights on. By the time Mr. Mattheny had regained normal vision and full control of the vehicle, he had collided with and killed a pedestrian, Eva Jean Dix, survived by her husband Roosevelt Dix, Sr., and five children.[1] At the time of the accident, Mr. Mattheny was acting within the scope of his duties as security guard.

On February 4, 1982, Barbara Davis, the sister of Eva Dix, acting as legal guardian of the two minor children, Deborah and Willie Mae Dix, filed a standard Form–95 ("SF–95") administrative claim seeking $100,000 total damages for the wrongful death of Eva Dix. This claim was denied by the United States Army Claims Service on June 21, 1982. On July 29, 1982, suit was filed in the district court by Barbara Davis, on behalf of herself and as guardian for Willie Mae and Deborah Dix, and by

and 768.21(2) (1985) since he did not live with the decedent, Eva Dix, and therefore did not rely or depend on her support or services. The district court's assessment of damages regarding Roosevelt Dix, Sr. is not the subject of this opinion.

Roosevelt Dix, Sr., on behalf of himself, and his deceased wife, Eva Dix and their remaining children, Rene, Barbara, and Roosevelt, Jr. The complaint sought damages in excess of $1,000,000 under the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671–80 (1982), and named as defendants the Honorable John Marsh, Jr., Secretary of the Army, Joseph McEwan Mattheny, the 24th Infantry Division (Merchants), Major General John Galvin, Commanding General 24th Infantry Division (merchandized) and Captain Harold R. Williamson, Commanding Officer, Homestead Air Force Base Element 24th Infantry Division, Homestead Air Force Base, Florida.

On October 1, 1982, the United States moved to dismiss the complaint citing the plaintiffs' (hereinafter appellees) failure to comply with the Driver's Act, 28 U.S.C. § 2679(b) (1982), which requires a dismissal of all defendants individually named in the complaint and makes suit against the United States the exclusive remedy. On October 18, 1982, the appellees moved to amend their complaint requesting, inter alia, the right to amend the original SF–95 administrative claim, and adjust the ad damnum clause from the $100,000 total previously sought to a sum of $1,250,000. The amended complaint added the United States as a defendant but did not dismiss any of the individually named defendants.

While appellees' motion to amend was pending, appellees filed SF–95 administrative claims for the first time on behalf of the three remaining children of the decedent—Rene, Barbara, and Roosevelt, Jr., seeking $1,250,000 each. On November 12, 1982, appellees requested leave for a second amended complaint. Appellees argued that they should not be bound by the $100,000 total damages sought in the original SF–95 administrative claim because the initial claim of $100,000 was a mistake made by a prior attorney and that the district court, through its equitable jurisdiction, should allow appellees to amend the amount of their claim to $6,250,000. Appellees' motion to file the second amended complaint was granted on December 8, 1982.

The United States moved to dismiss the second amended complaint arguing, inter alia, that the Driver's Act, provided an exclusive remedy, and that the district court's subject matter jurisdiction was limited to the $100,000 total damages claimed in the original SF–95 administrative claim. See 28 U.S.C. § 2675(b) (1982).

On September 6, 1983, the district court ruled that the Driver's Act required the dismissal of all individually named defendants, except the United States. The court ruled it had jurisdiction over the claims asserted by Rene, Barbara, Roosevelt Dix, Jr. With respect to the appellees' attempt to increase the amount of damages sought in the ad damnum clause, however, the district court stated:

Plaintiffs' claim for damages in excess of the amount first sought in the administrative claims is improper. The administrative claim for $100,000 was rejected and the amendment, seeking even more money, was filed. The Government argues that the amendment was filed too late, since suit was already brought. (citation omitted). It appears to the Court, however, that 28 U.S.C. § 2675(b) anticipates certain circumstances upon which suit may be brought for damages in excess of the amount presented to the administrative agency. Whether this cause embraces the justifying circumstances is a factual question which will be ascertained if and when evidence on the point is submitted. Now it must be dismissed, without prejudice.

On June 7th and 8th, 1984, the case was tried before the district court. On June 14th, 1984, the United States filed a post-trial memorandum, reiterating their position that the district court's subject matter jurisdiction was limited to a total of $100,000. On May 9, 1985, the district court ruled that the United States was liable to each surviving child of Eva Dix pursuant to 28 U.S.C. § 2674 (1982) and Fla.Stat. § 768.21 (1985) in the amount of $100,000. The court further ruled that Eva Dix was

50% comparatively negligent in that she was standing in the middle of a dark roadway at night and failed to move out of the path of an oncoming truck. Accordingly, the damages were reduced so that each child was awarded $50,000 in damages.

On May 17, 1985, the United States moved for a new trial. The district court denied the United States' motion for a new trial on August 20, 1985. This appeal followed.

## DISCUSSION

On appeal, the United States advances two arguments: (1) that the subject matter jurisdiction of the district court was limited to a total of $100,000, which was claimed in the original SF–95 administrative claim, and thus the district court's damage award of $50,000 to each child of the deceased was erroneous; and (2) that the district court erroneously awarded damages by failing to consider the decedent's character, the ages of the surviving children, and the decedent's relationship with the surviving children.

### I. *Subject Matter Jurisdiction*

The United States bases its argument on what has come to be called the "sum certain" requirement of 28 C.F.R. § 14.2 (1986) and 28 U.S.C. § 2675(b) (1982). 28 C.F.R. § 14.2 requires claims against a federal agency to be set forth "in a sum certain."[2] 28 U.S.C. § 2675(b) (1982) states that suit

shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time or presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

As mentioned, the district court, in its September 6, 1983 ruling, stated that it was a factual question whether or not the claim made by the appellees met the exception to § 2675(b), and that the court would make that determination when evidence on that point was submitted. As is apparent now, no such evidence was presented.

In the opening statements at trial, counsel for the appellees stated, "[w]e are stuck with the hundred thousand. I am not arguing it's $1,250,000. . . . I think we are bound by the original determination of $100,000." However, without making any argument concerning newly discovered evidence or intervening facts, counsel went on to state, ". . . I think it is $100,000 *per minor child,* and $100,000 for the surviving spouse." (emphasis added). The district court, notwithstanding its September 6, 1983 ruling, apparently accepted this assertion when it ruled in its final conclusions of law that each child had a separate claim for $100,000 against the United States.[3]

Clearly, "[n]oncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams v. United States,* 615 F.2d 284, 290 (5th

---

2. The pertinent provision of 28 C.F.R. § 14.2(a) provides:

    For purposes of the provisions of 28 U.S.C. 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

3. The relevant portions of the district court's conclusions of law are as follows:

    The Court has jurisdiction over the claims of Barbara Davis as legal guardian of Deborah Dix and Willie Mae Dix pursuant to the original 9S [sic] claim presented to the United States Army dated 1/4/8[2]. The Court also has jurisdiction over the claims of the other children, Barbara Jean Dix, Roosevelt Dix, Jr., and Rene Dix, although they were not specifically named in the initial claim. (citations omitted). To find otherwise would fly in the face of the policy of the Federal Tort Claims Act by unduly emphasizing technicalities and would produce an unjust result. (citations omitted). Accordingly, each child's claim for $100,000.00 is viable.

Cir.1980).[4] It is also certain that appellees "cannot recover any sum in excess of the amount of his administrative claim unless 'the increased amount is based upon newly discovered evidence' or he alleges and proves 'intervening facts.'" *Erxleben v. United States*, 668 F.2d 268, 273 (7th Cir. 1981) (quoting 28 U.S.C. § 2675(b)); *See Bonner v. United States*, 339 F.Supp. 640, 650–51 (E.D.La.1972); *Little v. United States*, 317 F.Supp. 8, 9–10 (E.D.Pa.1970); *Colin v. United States*, 324 F.Supp. 121, 122 (W.D.Mo.1970); *Rabovsky v. United States*, 265 F.Supp. 587, 587–88 (D.Conn. 1967); *Rudd v. United States*, 233 F.Supp. 730, 734 (M.D.Ala.N.D.1964). The record in this case establishes that the appellees did not rely on the exceptions set forth in 2675(b) in support of their claim for damages in excess of the amount sought in the original administrative claim. Nevertheless, the district court awarded damages in excess of the amount sought in the original administrative claim, apparently by accepting the aforementioned bare assertion by counsel as noted above.

Appellees now assert, in support of the district court's award of $50,000 to each child, that reliance on the exceptions set forth in 2675(b) is unnecessary since the amount of the judgment as reduced was less than the amount claimed administratively. *See Dickens v. United States*, 545 F.2d 886, 893 (5th Cir.1977); *Erxleben*, 668 F.2d at 271–73. Such an argument presupposes that there were four separate claims made on behalf of the deceased, Eva Dix—one claim filed on behalf of Deborah and Willie Mae Dix which sought $100,000, and three separate claims filed on behalf of Barbara, Rene, and Roosevelt Dix, Jr., which sought $1,250,000 each. According to appellees' argument, since each child of the deceased was awarded an amount not in excess of the administrative claim filed on behalf of that child, the damages awarded by the district court were not violative of § 2675(b). This position, however, is directly contrary to the clear mandatory language of the statute requiring a timely administrative claim in a sum certain. While we can agree with part of the proposition espoused by appellees—that § 2675(b) places a limitation on the amount a claimant can recover in an action involving a claim under the FTCA, the Act is a limited waiver of sovereign immunity. Section 2675(a) mandates that, as a prerequisite to filing a suit against the United States, a claimant must present notice of the claim to the appropriate federal agency. *Erxleben*, 668 F.2d at 270. The statute further requires that this claim be timely filed, and specifically, that the administrative claim filed must precede any lawsuit. *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir.1985); *Erxleben v. United States*, 668 F.2d 268, 270–71 (7th Cir.1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972).

Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States. *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983). In the case at bar, only the original administrative claim, seeking $100,000 in damages on behalf of the death of Eva Dix, was properly filed pursuant to the statutes' mandatory requirements. This claim was represented to have been made on behalf of two minor children of the deceased. Later, it became known that this claim should have included three additional children of the deceased who were inadvertently omitted. We hold, under the circumstances, it was proper for the district court to allow the three additional children to be considered as qualified beneficiaries under the Florida law. However, it was error to allow such inclusion to affect the amount claimed. The only timely claim filed with the administrative agency limited the damages to a total possible recovery of $100,000.

---

**4.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## II. *The District Court's Award of Damages*

We review a district court's award of damages under a clearly erroneous standard. *Taylor Rental Corp. v. J.I. Case Co.,* 749 F.2d 1526, 1530 (11th Cir.1985). We find such here.

The children of Eva Dix claimed damages under Florida's Wrongful Death Act. *See* Fla.Stat. § 768.21 (1985). The pertinent sections of that statute are as follows:

All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:

(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.

(3) Minor children of the decedent may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.

Fla.Stat. §§ 768.21(1), (3) (1985).

At the outset of trial, appellees waived any claim for lost support and services. Appellees limited their claim to a recovery under subsection three for the pain and suffering sustained by the children of the deceased. The district court, however, awarded damages to the surviving children pursuant to § 768.21(1) for the value of lost support and services.[5] In light of the acknowledgement by appellees that there was simply no basis for such, we do not understand why the district court awarded these damages. Moreover, even in the event appellees had not waived their claim for lost support and services, section 768.21 would require the district court, in its computation of any damages, to consider such elements as the relationship between the surviving children and the decedent and the varying ages of the children. Such a consideration, under Florida law, would necessarily require different amounts for surviving children of different ages. *See Pidcock-Jones Co. v. Watson,* 141 Fla. 376, 193 So. 305, 307 (1940); *Butler v. Williams,* 133 So.2d 109, 110 (Fla. 3d DCA 1961); *See also Solomon v. Warren,* 540 F.2d 777, 787 (5th Cir.1976) *cert. denied,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977).

5. The district court's computation of damages are as follows:

The United States is liable for compensatory damages pursuant to Title 28, United States Code, Section 2674 and for the value of lost support and services, lost parental companionship, instruction and guidance and from mental pain and suffering, to the minor children pursuant to Florida Statutes, Section 768.21.

The minor children have sustained losses pursuant to the above-cited statutes and are thus awarded the foregoing damages from the United States:

| | |
|---|---|
| (A) Deborah Dix | $100,000.00 |
| (B) Willie Mae Dix | $100,000.00 |
| (C) Barbara Jean Dix | $100,000.00 |
| (D) Roosevelt Dix, Jr. | $100,000.00 |
| (E) Rene Dix | $100,000.00 |

EVA DIX was comparatively negligent, as that doctrine is adopted by Florida law, in that she was standing in the middle of a dark roadway in the middle of the night nearly two miles from any public facility and failed to move out of the path of oncoming cars.

The degree of comparative negligence on the part of EVA DIX is 50 percent and, accordingly, the damage awards shall be reduced as follows:

| | |
|---|---|
| (A) Deborah Dix | $ 50,000.00 |
| (B) Willie Mae Dix | $ 50,000.00 |
| (C) Barbara Jean Dix | $ 50,000.00 |
| (D) Roosevelt Dix, Jr. | $ 50,000.00 |
| (E) Rene Dix | $ 50,000.00 |

## CONCLUSION

Having found that the district court does not possess the jurisdictional authority, without newly discovered evidence or intervening facts, to award damages in excess of $100,000, we vacate the damages awarded and remand this case for proceedings not inconsistent with this opinion. Upon remand, the district court must reevaluate the claims for damages within the jurisdictional limitation of $100,000 and, pursuant to Florida law, specifically set forth the statutory considerations comprising the proportionate award to each surviving child of the decedent.

VACATED and REMANDED.