537 So.2d 1048 (1989)
Georgina SALAZAR, Personal Representative of the Estate of Indalecio Salazar, Appellant,
v.
SANTOS (HARRY) & CO., INC., Scott Andrew Kessler, and Thomas Backmeyer, As Personal Representative of the Estate of Charles Crawford Lindsey, Appellees.
No. 87-1315.
District Court of Appeal of Florida, Third District.
January 17, 1989.
Rehearing Denied March 7, 1989.
*1049 Magill & Lewis, and R. Fred Lewis, Miami, for appellant.
Cooper, Wolfe & Bolotin and Marc Cooper, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Daniels & Hicks and Sam Daniels, Bedford & Kray, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Georgina Salazar, personal representative of the estate of her deceased husband, Indalecio, appeals a post-trial order entered in her wrongful death action which remits a jury verdict awarding damages to her as the surviving spouse, to her husband's estate, and to the Salazars' minor sons, or in the alternative requires a new trial if the plaintiff refuses the remittitur. By way of cross-appeal, defendants Santos & Company (Santos) and that company's driver, Scott Andrew Kessler, appeal the trial court's denial of their motions for a directed verdict and for a new trial on the issue of liability. As to the main appeal, we reverse in part and affirm in part. We affirm the cross-appeal.
Decedent was fatally injured when his pickup truck was hit head-on by a vehicle driven by one Charles Lindsey, who himself was killed in the crash and who is represented in this appeal by his estate's personal representative, Thomas Backmeyer. The accident occurred when Lindsey's vehicle crossed the center line on U.S. 27, on a stretch of two-lane highway just north of the Broward County line. This calamity immediately worsened when Kessler's semi trailer, which was following Salazar's pickup too closely, slammed into the side of decedent's truck. Salazar died some fifteen minutes after the second impact due to loss of blood caused by a severed aorta.
A jury found both Lindsey and Kessler negligent and assessed damages in the sum of $658,000 to Salazar's spouse; $448,000 to his estate; and $850,000 to each of his sons, ages nine, eight, and five at the time of their father's death. Kessler and Santos's post trial motions were denied; a motion for remittitur was granted. In his order, the trial judge remitted the $850,000 intangible award to each son to $170,000, $185,000, and $200,000 respectively from oldest to youngest child. The order stated that a new trial as to all damages would be awarded if the remittitur were not accepted, despite the trial court's express finding that "the awards to the estate and the decedent's wife are supported by the evidence." Plaintiff Georgina Salazar, as well as the guardian ad litem appointed to represent the children, rejected the remittitur, and Mrs. Salazar now appeals the *1050 order granting a new trial as to all damages.
We first discuss the claims concerning liability raised by Santos and Kessler in their cross-appeal. They contend that the trial court erred in denying their motions for directed verdict and new trial because, first, there was insufficient evidence to show Kessler negligent, even though he had been following too closely, and second, because the sole legal cause of death was Lindsey's act of crossing the center line, not the second impact involving Kessler. Regarding the first claim, witnesses established that had Kessler been following at a safe distance the second accident would not have occurred. This evidence was sufficient to present a jury question on the issue of negligence. See Lee v. Dunnigan, 384 So.2d 165 (Fla. 2d DCA 1980); Rivenbark v. Johns, 205 So.2d 711 (Fla. 1st DCA 1968); § 316.0895 Fla. Stat. (1987).
As to the issue of legal causation, the jury had before it evidence that either impact could have caused death and that the death was in fact caused by both impacts. In a case such as this where there are concurrent causes of injury, damages cannot be apportioned and each defendant will be liable for the injury. E.g., De La Concha v. Pinero, 104 So.2d 25, 28 (Fla. 1958); Washewich v. LeFave, 219 So.2d 46 (Fla. 4th DCA 1969); McLeod v. American Motors Corp., 723 F.2d 830 (11th Cir.1984). We reject the claim that the "more probable than not" rule of Gooding v. University Hosp. Bldg., Inc., 445 So.2d 1015 (Fla. 1984) applies here. The rule set forth in Gooding states that in a wrongful death action, the plaintiff must prove that more likely than not the death was caused by the defendant's negligence. Cross-appellees contend that plaintiff did not prove that the decedent probably would have survived if Kessler had not been negligent in causing the second impact. There is, however, a controlling distinction between the facts of Gooding and those of the case at hand. Gooding dealt with the alleged negligence of a single defendant who delayed medical treatment of the plaintiff while here we are dealing with the concurrent negligent acts of two defendants either of whom the jury could and did find caused the death. As this court stated in Stahl v. Metropolitan Dade County, 438 So.2d 14, 18 (Fla. 3d DCA 1983):
In ... "concurrent cause" cases [where each of the concurrent causes alone could have produced-in-fact the plaintiff's injury], the Florida courts have abandoned sub silentio the "but for" test and have employed instead a "substantial factor" test for the obvious reason that adherence to the "but for" test in this limited type of case leads to anomalous and unacceptable results.
Based on the above reasoning and case law, we affirm the finding of liability on the part of Santos and Kessler.
We next address the personal representative's appeal of the trial court's order of remittitur or new trial as to all damages. We affirm the order except as it relates to the awards to the decedent's estate and to the surviving spouse based on the following analysis.
On review, we must determine whether the trial judge abused his discretion in issuing the order which Salazar now appeals. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3d DCA 1980). We are mindful that the trial judge has broad discretion in such matters because, based on his observation of the behavior of the witnesses who testified, he is in the best position to understand fully the processes employed by the jurors in reaching a verdict. As a result, his ruling shall not be disturbed except on a clear showing of abuse. The test to be applied is the reasonableness of the trial judge's decision based on this court's examination of the record. Baptist Memorial, 384 So.2d at 146; Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959); Staib, 391 So.2d at 297, Westbrook v. All Points, Inc., 384 So.2d 973, 974 (Fla. 3d DCA 1980).
Plaintiff's economic expert testified that the present value of the children's and wife's lost support totalled $419,000 and that lost accumulations to the estate totalled $29,000. The sum of these two figures *1051 is $448,000. In closing argument, plaintiff's counsel requested that the jury award the family this total amount and that the jury indicate its award by placing the $448,000 figure in the blank on the verdict form for the estate. This the jury did. Although economic damages are not part of an estate award, see § 768.21(6) Fla. Stat. (1987), it is clear that the jury intended to award the survivors the requested $419,000 in lost support. Logically then, the separate award made to each of the decedent's survivors did not include economic damages but represented compensation for pain and suffering as well as loss of the decedent's companionship to the widow and loss of parental guidance to the children. See § 768.21.
The record presented amply supports the trial judge's order as it relates to the children's awards. The jury awarded $850,000 to each child. In his order of remittitur, the trial judge held that such an award was unreasonable and excessive because the plaintiff failed to provide "evidence of physical []or mental abnormality []or even a hint of physical or emotional impairment" which the children had suffered due to the death of their father. While the judge recognized that the Salazar children had "suffered the grief common to all children who endure the loss of a parent", he went on to say that "[t]his Court cannot help but note, however, that these particular children have adjusted remarkably to their loss." Our reading of the trial transcript shows the trial judge's ruling to be reasonable. See Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961) (excessiveness of verdict valid reason for granting a new trial); Staib, 391 So.2d at 297. As further support for finding the verdict was excessive, the judge went on to cite section 768.043(2)(e), Florida Statutes (1987), regarding remittitur and additur actions arising out of the operation of motor vehicles and held that "reasonable persons could not conclude that a child is automatically entitled to $850,000 for the death of a parent absent evidence of a substantial impact on the child." He further pointed out that "the jury awarded identical amounts to each child even though the three children were substantially different in age, and thus would sustain damages over different time frames. The jury thus appears to have misconceived the evidence or the law governing the award of damages to the children." (Emphasis in the original.) On this basis, and again citing section 768.043, the trial judge held that the jury could only have reached its verdict through speculation or conjecture or through passion or prejudice.
We agree with the trial judge's reasoning. An award based on the wrongful death statute requires that the trier of fact consider "such elements as the relationship between the surviving children and the decedent and the varying ages of the children" and that "[s]uch a consideration, under Florida law, would necessarily require different amounts for surviving children of different ages." Davis v. Marsh, 807 F.2d 908, 913 (11th Cir.1987). See Pidcock-Jones Co. v. Watson, 141 Fla. 376, 193 So. 305, 307 (1940); Butler v. Williams, 133 So.2d 109, 110 (Fla. 3d DCA 1961). Accordingly, we affirm the order on appeal as it relates to the awards to the decedent's sons.
On the other hand, we do not uphold the order inasmuch as it overturns the awards to the estate and to the decedent's wife. In his order, the trial judge specifically found that the evidence supported these awards. A reading of the record supports this finding. Nevertheless, the court stated that it would order a new trial on all damage issues unless remittitur as to the children's awards was accepted. When viewed in this light, the new trial order seems almost punitive. In Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978) the Florida supreme court held that a trial judge must articulate reasons why a new trial is granted. In this case, there was a complete failure by the judge to state any reason why the damage awards to the estate and the widow were unreasonable.
Furthermore, regarding the estate award, we recognize that in a wrongful death action, loss of support damages are *1052 not part of an award to a decedent's estate. However, in this case the proper party to contest such an allocation would be the children's court-appointed guardian ad litem; he has not done so. Because the record supports the trial judge's finding that the damage awards to the estate and wife were reasonable, it is not the role of the defendants to complain of any improper aggregation of loss of support damages under the rubric that the commingling or inseparability of the verdicts suggests an improper award. Therefore, appellees' contentions to the opposite effect are meritless.
Accordingly, we affirm the trial court's order as it pertains to the awards of $850,000 to each of the decedent's sons; however, we reverse that portion of the order which requires that the estate's and the wife's awards be subject to remittitur or new trial.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.