586 So.2d 394 (1991)
ALAMO RENT-A-CAR, INC., Appellant,
v.
Benjamin William Arthur CLAY, et al., Appellees.
Nos. 90-43, 90-45, 90-47, 90-736 to 90-738 and 90-791.
District Court of Appeal of Florida, Third District.
August 27, 1991.
Rehearing Denied October 23, 1991.
Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Buschbom Panter & Panter, Daniels and Hicks and Bambi G. Blum and Ralph O. Anderson and Mark Hicks, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
SCHWARTZ, Chief Judge.
The day after McGreevy, a British seaman, rented an automobile from Alamo Rent-A-Car, he apparently fell asleep at the wheel and drove the car, with three of his shipmates, off Alligator Alley into a canal. McGreevy and two of the passengers, Stark and West, were killed; the third passenger, Clay, was seriously injured. We find no merit in Alamo's claims of error in the jury's determinations that it was liable for McGreevy's negligence or its *395 respective assessments of damages in the personal injury and wrongful death actions which followed. We briefly treat those issues which merit some comment:

I
Inasmuch as McGreevy was the sole lessee and the only person who operated the car, it is unlikely that the status of the passengers in the vehicle and the minimal role they played in contributing to the expenses or determining the route even created a jury question as to whether they had been "jointly entrusted" with the car, State v. G.C., 572 So.2d 1380 (Fla. 1991); May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla. 1955); Avis Rent-A-Car Systems, Inc. v. Garmas, 440 So.2d 1311 (Fla. 3d DCA 1983), pet. for review denied, 451 So.2d 848 (Fla. 1984); compare Enterprise Leasing Co. v. Almon, 559 So.2d 214 (Fla. 1990); Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla. 1965), or were engaged in a "joint enterprise" with the driver. See Yokom v. Rodriguez, 41 So.2d 446 (Fla. 1949); Kane v. Portwood, 573 So.2d 980 (Fla. 2d DCA 1991). See generally Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla. 1990), and cases cited. There can be no question, then, that the verdict resolving these issues against the appellant cannot be disturbed, and its claim to a directed verdict is wholly without merit.

II
None of the damage awards, considered individually or collectively, may be deemed excessive. Laskey v. Smith, 239 So.2d 13 (Fla. 1970); Little River Bank & Trust Co. v. Magoffin, 100 So.2d 626 (Fla. 1958); Coast Cities Coaches v. Donat, 106 So.2d 593 (Fla. 3d DCA 1958); see Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978).
Specifically, we reject the defendant's claim that the fact that the same damage award, $800,000 for intangible losses, was returned for each of the four children involved in this case  two left by each of the two decedents  renders them somehow fatally flawed:
a. At the outset, we think that the defendant's failure to raise this claim  which, citing Salazar v. Santos & Co., 537 So.2d 1048 (Fla. 3d DCA 1989), review dismissed, 544 So.2d 200 (Fla. 1989), review denied, 545 So.2d 1367 (Fla. 1989), is essentially that it is inconsistent to award the same damages to children of different ages  resulted in a waiver of its ability to make the argument on appeal. See Higbee v. Dorigo, 66 So.2d 684 (Fla. 1953); Wiggs & Maale Construction Co. v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973). If a claim had been made when the jury returned, it may well have corrected the defect by awarding a larger amount for any of the children, rather than reducing some of the awards to under $800,000. Since it deliberately made the choice not to risk that result, Alamo may not claim error here. Cowart v. Kendall United Methodist Church, 476 So.2d 289, 290 n. 2 (Fla. 3d DCA 1985).
b. Even on the merits, however, the contention is incorrect. The monetary value of the intangible losses to a child of his or her father's companionship and parental influence, see 17 Fla.Jur.2d Death § 41 (1980); § 768.21(3), Fla. Stat. (1989), is one which may be properly assessed only by the representative of the community as a whole, the jury. See Southern Utilities Co., v. Davis, 90 Fla. 168, 105 So. 315 (1925). Given the extensive and heart-rending evidence of the particular relationships between these children and these fathers, we cannot say that any one of the $800,000 awards is too much. To do so would amount to the totally unacceptable conclusion that each of the particular and unique losses was so equivalent to the other, that fewer years of childhood must automatically represent "less" of a monetary loss to the older child involved. We refuse to so hold. Since there is thus no basis for faulting any one of the awards individually, so that each would be affirmed if rendered in a separate trial, or the jury's implicit conclusion that the "values" of the children's fathers are roughly equal no matter what the children's ages, there can be no inherent or per se error in a single verdict which *396 awards the same amount to different children. As is said in Keene v. Wilson Refuse, Inc., 788 S.W.2d 324, 326 (Mo. App. 1990):
The benefits flowing to a child from the relationship with his or her father and the correlative loss sustained by reason of the father's death are not always susceptible of measurement simply by reference to the frequency of contact and the time of association. The term quality time is often used by modern sociologists in connection with the relationship between working parents and their children. The quality of time spent together is not determined by the clock but rather upon the fulfillment of the needs which vary from child to child, from age to age.
Accord Ory v. Libersky, 40 Md. App. 151, 160, 389 A.2d 922, 931 (1978) ("We must also reject the suggestion contained in appellant's brief that because the awards to each of the children were identical, they are suspect or, indeed, invalid."); see Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 782-83 (5th Cir.1983); see also Marks v. Pan American World Airways, Inc., 785 F.2d 539 (5th Cir.1986); Schuler v. United States, 675 F. Supp. 1088 (W.D.Mich. 1987), rev'd on other grounds, 868 F.2d 195 (6th Cir.1989); Estate of King v. Aetna Casualty & Surety Co., 427 So.2d 902 (La. App. 1983), writ denied, 433 So.2d 1048 (La. 1983); Self v. Great Lakes Dredge & Dock Co., 832 F.2d 1540 (11th Cir.1987), cert. denied, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988); Allen v. Toledo, 109 Cal. App.3d 415, 167 Cal. Rptr. 270 (1980).
Salazar does not hold to the contrary to this opinion. That decision merely affirms the trial court's exercise of discretion in granting a new trial, see Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), on the partial ground that the same damages were awarded to all the decedent's children, on a record which apparently contained no basis for failing to distinguish between them according to age. Moreover, it was held that the amount of the awards was excessive given the absence of "evidence of a substantial impact on the child." Salazar, 537 So.2d at 1051; cf. also Pidcock-Jones Co. v. Watson, 141 Fla. 376, 193 So. 305 (1940) (monetary damages); Butler v. Williams, 133 So.2d 109 (Fla. 3d DCA 1961). That decision cannot control this case, in which the trial court denied the motion for new trial on excessiveness grounds, and the record provides ample individual basis for each of the jury's separate conclusions.

III
The appellees have specifically withdrawn their claims to the attorney's fees granted them below. Accordingly, the orders making those awards are vacated.
Affirmed as modified.
BASKIN, J., concurs.
COPE, Judge (specially concurring).
I concur in the judgment. I join the opinion of the court, except for that portion of part II.b. which sustains the four identical awards to the four children of different ages. While the position advanced in part II.b. may well be the better rule, it appears to be foreclosed by Pidcock-Jones Co. v. Watson, 141 Fla. 376, 193 So. 305, 307 (1940); Salazar v. Santos (Harry) & Co., 537 So.2d 1048, 1051 (Fla. 3d DCA) ("An award based on the wrongful death statute requires that the trier of fact consider `such elements as the relationship between the surviving children and the decedent and the varying ages of the children' and that `[s]uch a consideration, under Florida law, would necessarily require different amounts for surviving children of different ages.'") (citation omitted), review dismissed, 544 So.2d 200 (Fla.), review denied, 545 So.2d 1367 (Fla. 1989); and Butler v. Williams, 133 So.2d 109, 110 (Fla. 3d DCA 1961). It is unnecessary to reach this issue, since part II.a. is dispositive.