PER CURIAM.
This is an appeal from a final judgment based on a jury verdict awarding damages for pain and suffering to the children of Indalecio Salazar, the decedent, who was killed in a car accident. We affirm.
This is the second time this case has been before us. The facts of the case are found in the first opinion, Salazar v. Santos (Harry) & Co., Inc., 537 So.2d 1048 (Fla. 3d DCA) (“Salazar I ”), review dismissed, 544 So.2d 200 (Fla.), review denied, 545 So.2d 1367 (Fla.1989). The jury in the first trial found the defendants liable and awarded compensatory damages to the decedent’s estate, wife and three sons, including a award of $850,000 to each of the three sons for pain and suffering. Insofar as is pertinent here, the trial court remitted the three *1126 sons’ awards to $170,000, $185,000, and $200,000 respectively, and alternatively ordered a new trial on damages if the remitti-tur was not accepted. The plaintiff mother rejected the remittitur on behalf of the three minor children and appealed the order granting a new trial.
In upholding the trial court’s ruling on this point, this court stated:
The record presented amply supports the trial judge’s order as it relates to the children’s awards. The jury awarded $850,000 to each child. In his order of remittitur, the trial judge held that such an award was unreasonable and excessive because the plaintiff failed to provide “evidence of physical [] or mental abnormality [ ] or even a hint of physical or emotional impairment” which the children had suffered due to the death of their father. While the judge recognized that the Salazar children had “suffered the grief common to all children who endure the loss of a parent”, he went on to say that “[t]his Court cannot help but note, however, that these particular children have adjusted remarkably to their loss.” Our reading of the trial transcript shows the trial judge’s ruling to be reasonable _ As further support for finding the verdict was excessive, the judge went on to cite section 768.043(2)(e), Florida Statutes (1987), regarding remittitur and additur actions arising out of the operation of motor vehicles and held that “reasonable persons could not conclude that a child is automatically entitled to $850,000 for the death of a parent absent evidence of a substantial impact on the child.” He further pointed out that “the jury awarded identical amounts to each child even though the three children were substantially different in age, and thus would sustain damages over different time frames. The jury thus appears to have misconceived the evidence or the law governing the award of damages to the children.” (Emphasis in the original.) On this basis, and again citing section 768.043, the trial judge held that the jury could only have reached its verdict through speculation or conjecture or through passion or prejudice.
We agree with the trial judge’s reasoning. An award based on the wrongful death statute requires that the trier of fact consider “such elements as the relationship between the surviving children and the decedent and the varying ages of the children” and that “[sjuch a consideration, under Florida law, would necessarily require different amounts for surviving children of different ages.” ... Accordingly, we affirm the order on appeal as it relates to the awards to the decedent’s sons.
537 So.2d at 1051 (citations omitted).
After remand, the trial court conducted a new trial on the noneconomic damages suffered by the children. In the first trial there had been virtually no evidence on this issue submitted to the jury, and the evidence submitted in the first trial did not distinguish among the children. In the second trial the parties developed an extensive evidentiary record which included factual and expert psychological testimony regarding the noneconomic injury to each child. There was an abundance of evidence on the question of how the father’s death affected each child individually.[1]
The parties conducted the new trial on the understanding that each party was free to introduce such evidence as it saw fit and was not confined to the record made in the first trial. In the second trial the plaintiff requested damage awards of $2.9 million, $3.2 million, and $3.4 million for the children, respectively, on the theory that the evidence adduced at the second trial supported such awards.
At the conclusion of the case the jury was instructed on the factors to be considered in making an award for each child. There was no request for an instruction that the award for each child must be different.
When the interrogatory verdict form was given to the judge, the judge informed *1127 counsel that the jury had awarded identical amounts for each of the three children. At that point counsel for the plaintiff requested that the matter be returned to the jury with an instruction to enter different awards for each of the three children. After considering argument of counsel out of the hearing of the jury, the trial court refused the request and discharged the jury. Judgment was entered on the verdict in the amount of $75,000 per child.
Plaintiff argues that this court’s decision in Salazar I established as the law of the case that there must be a different amount awarded for each of the three children. We disagree. The statement in Salazar I about there necessarily being different amounts required for surviving children of different ages must be read in the context of the record which was then before the court. The record in Salazar I contained minimal evidence about the emotional injury to the children, and no evidence distinguishing among the three children, who were of different ages. On remand an extensive record was developed regarding the extent of the emotional harm experienced by each of the three children individually. As argued below, and accepted by the trial judge who tried the case, there were variations in the experience of the three children so that the jury could reasonably reach the conclusion that equal damage amounts were appropriate, notwithstanding the differences in the children’s ages at the time of the father’s death.
In Alamo Rent-a-Car, Inc. v. Clay, 586 So.2d 394 (Fla. 3d DCA 1991), the jury had awarded equal amounts to each of the decedents’ four children, although they were of different ages. This court found that there was
extensive and heart-rending evidence of the particular relationships between these children and these fathers, [and] we cannot say that any one of the [four equal] ... awards is too much. To do so would amount to the totally unacceptable conclusion that each of the particular and unique losses was so equivalent to the other, that fewer years of childhood must automatically represent “less” of a monetary loss to the older child involved .... Since there is thus no basis for faulting any one of the awards individually, so that each would be affirmed if rendered in a separate trial, or the jury’s implicit conclusion that the “values” of the children’s fathers are roughly equal no matter what the children’s ages, there can be no inherent or per se error in a single verdict which awards the same amount to different children.
Id. at 395-96. This court distinguished Salazar I, inter alia, on the basis that the Salazar I record “contained no basis for failing to distinguish between [the children] according to age.” Id. at 396. That problem was remedied upon retrial.
Plaintiff next argues that the verdict is inadequate as a matter of law. We disagree. We conclude that the amount awarded falls within the latitude of the jury to award. Hawk v. Seaboard System R.R., Inc. 547 So.2d 669, 671 (Fla. 2nd DCA), review dismissed, 549 So.2d 1014 (Fla.1989); Rety v. Green, 546 So.2d 410, 417-18 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla.), review denied sub nom. Southern Commodity Corp. v. Rety, 553 So.2d 1166 (Fla.1989).
We find no reversible error in the remaining point on appeal.
Affirmed.

. The sons were nine, eight, and five years old respectively at the time of the father's demise. 537 So.2d at 1049.